# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2013

No. 12-10920

Lyle W. Cayce
Clerk

PAMELA RICHARDSON,

Plaintiff–Appellant

v.

WELLS FARGO BANK, N.A.; FEDERAL HOME LOAN MORTGAGE
CORPORATION,

Defendants–Appellees

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 4:11-cv-00359-A

Before STEWART, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Pamela Richardson appeals the summary judgment dismissal of all her claims against Defendants–Appellants Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("Freddie Mac"). As the facts are undisputed and Wells Fargo had the contractual right to foreclose on her house, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10920

Richardson owned a house in Grapevine, Texas, that was encumbered by a promissory note and deed of trust held by Wells Fargo.  After she fell behind on payments, Wells Fargo notified her of its intention to accelerate the note and foreclose.  Even though Richardson never became current on her payments, Wells Fargo tried to work with her to avoid foreclosure and, to that end, offered her a Trial Period Plan and later offered her a Forbearance Plan.

Richardson made several reduced payments under the Trial Period Plan while Wells Fargo refrained from foreclosure and assessed her eligibility for a permanent loan modification through the federal Home Affordable Modification Program ("HAMP") program.  On June 3, 2010, Wells Fargo informed Richardson that she did not qualify for a loan modification under the HAMP program.  The Trial Period Plan therefore expired, and Richardson never received a permanent loan modification.

The Forbearance Plan was then offered by Wells Fargo on August 4, 2010.  Under it, Richardson could avoid foreclosure by making a series of scheduled payments.  The Forbearance Plan required Richardson to "indicate [her] understanding and acceptance of the terms of the forbearance agreement by immediately signing and returning this agreement."  Richardson made the first scheduled payment, but she does not dispute that she never accepted Wells Fargo's offer of the Forbearance Plan by signing and returning it to Wells Fargo.

On September 8, 2010, Wells Fargo notified Richardson that it was accelerating her note and scheduling a foreclosure sale for October 5, 2010.  The home was sold to Freddie Mac on that date.  Richardson filed suit against Wells Fargo and Freddie Mac, avoiding eviction until May 2012.  After extensive proceedings, the district court granted summary judgment to Wells Fargo and Freddie Mac and dismissed all of Richardson's claims.

Richardson asserts over a dozen points of error in this appeal, but all are predicated on the mistaken premise that either the Trial Period Plan or the

No. 12-10920

Forbearance Plan prohibited Wells Fargo from foreclosing. On these undisputed facts, they did not.

First, Wells Fargo foreclosed after the Trial Period Plan had expired and Richardson had failed to qualify for a permanent loan modification. Richardson attempts to read one term of the Trial Period Plan out of context to suggest that, having made the trial payments, she was automatically entitled to a loan modification. But her reading conflicts with the plain language of the Trial Period Plan, which unambiguously makes loan modification contingent on both her making the required payments *and* her eligibility under the federal HAMP program. Richardson does not dispute that she was not eligible under HAMP, so that, after the Trial Period Plan expired, the terms of the note and deed of trust permitted Wells Fargo to foreclose.

Second, the offer contained in the Forbearance Plan never resulted in an agreement not to foreclose because Richardson never accepted that offer pursuant to its plain terms. Although Richardson contends that Wells Fargo waived the signature requirement by accepting the first payment pursuant to the Forbearance Agreement, we perceive no "intentional relinquishment" of the requirement that she actually accept Wells Fargo's terms in writing, especially because Richardson already owed delinquent payments on the note. *Cf. Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008) (setting forth elements of waiver under Texas law). Thus, the Forbearance Plan was never binding, Wells Fargo's notice of the foreclosure sale was timely, and the transfer to Freddie Mac was proper.

Richardson insists that there are genuine issues of material fact which precluded summary judgment on her claims for breach of contract, waiver, anticipatory breach of contract, wrongful foreclosure and eviction, suit to quiet title, negligent misrepresentation, and a host of violations of the Texas Debt Collection Act. We need not recite the elements of these causes of action at

No. 12-10920

length because, as a matter of law, neither the Trial Period Plan nor the Forbearance Plan contractually prevented Wells Fargo from foreclosing on her house, regardless of how many different ways Richardson attempts to dress up her claims. Accordingly, the foreclosure was proper in all respects, so the district court's judgment in favor of Wells Fargo and Freddie Mac dismissing Richardson's action is

AFFIRMED.