# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of
Appeals
Fifth Circuit

**FILED**

October 15, 2013

No. 11-11222

Lyle W. Cayce
Clerk

ESTATE OF ROBERT FALK, deceased, substituted in place and stead of
Robert Hardy Falk, deceased,

Plaintiff-Appellant

v.

WELLS FARGO BANK, N.A., As Trustee for Option One Mortgage Loan
Trust 2007-FXD2, Asset-Backed Certificate Series 2007-FXD2

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-678

Before JOLLY, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:*

The Estate of Robert Falk ("the Estate") argues on appeal that Wells
Fargo Bank N.A., ("Wells Fargo") did not have the authority to foreclose on its
residential property ("the Property") because Wells Fargo was not the holder
of the mortgage note and thus not a person entitled to enforce the note
pursuant to Tex. Bus. & Com. Code § 3.301. The district court granted Wells

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 11-11222

Fargo's motion for summary judgment. For the following reasons, we AFFIRM the district court.

## I.

On December 6, 2006, the Estate[1] refinanced a mortgage loan in the amount of $275,575.00 on the Property located in Dallas County though Option One Mortgage Company ("Option One"). In refinancing the mortgage, the Estate executed a mortgage note authorizing Option One to transfer or assign the note, and to accelerate the loan balance in the event of default by the Estate. The deed of trust securing the mortgage note similarly granted Option One a right to assign. On March 1, 2007, Option One conveyed the mortgage loan to the Option One Mortgage Loan Trust 2007-FXD2 Asset-Backed Certificate Series 2007-FXD2 ("the Trust"), which was created pursuant to a pooling service agreement ("the PSA") between Option One and Wells Fargo. The PSA designated Wells Fargo as trustee and Option One as the servicer of the loan.

On or about August 2007, the Estate defaulted on its mortgage payments and as a result, Option One issued a Notice of Default in November 2007. In February 2008, Option One assigned the mortgage note and deed of trust to Wells Fargo, which was duly recorded in Dallas County. In June 2008, Option One transferred the servicing of the Estate's mortgage loan to American Home Mortgage Servicing, Inc., ("AHMSI"). Despite the fact that the Estate did not make a payment for almost a year, AHMSI and the Estate subsequently executed a loan modification agreement to reduce the Estate's monthly payments. The Estate failed, however, to tender the October and November 2008 payments to begin the modification.

---

[1] The Estate was substituted as Plaintiff in this action in place of Robert Falk who died on August 13, 2011.

No. 11-11222

Wells Fargo posted the Property for foreclosure, which it subsequently purchased on December 2, 2008. The Estate then filed for a declaratory judgment and injunctive relief in Texas state court challenging the foreclosure. Wells Fargo removed the case to federal court and filed a motion for summary judgment. In opposing Well Fargo's motion for summary judgment, the Estate argued, *inter alia*, that Wells Fargo did not become the holder of the mortgage note pursuant to Option One's assignment of the mortgage note and deed of trust. In granting Well Fargo's motion for summary judgment, the district court ruled that Wells Fargo had the authority to foreclose on the Property because an assignee does not have to be a holder of a mortgage note to conduct a non-judicial foreclosure under Texas law. The Estate timely appealed.

## II.

We review the district court's grant of summary judgment de novo, applying the same standards as the district court. *St. Paul Surplus Lines Ins. Co. v. Settoon Towing, L.L.C.* (*In re Settoon Towing, L.L.C.*), 720 F.3d 268, 275 (5th Cir. 2013). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We must view all facts and evidence in the light most favorable to the non-moving party when considering a motion for summary judgment. *Dameware Dev., L.L.C. v. Am. Gen. Life Ins. Co.*, 688 F.3d 203, 206-07 (5th Cir. 2012) (citation omitted). In this diversity jurisdiction action, we apply the substantive law of Texas. *Coe v. Chesapeake Exploration, L.L.C.*, 695 F.3d 311, 316 (5th Cir. 2012) (citation omitted).

## III.

The Estate specifically contends on appeal that Wells Fargo was not the holder of the mortgage note and, as a result, lacked the proper authority to foreclose on the Property because it was not a person entitled to enforce the

No. 11-11222

note pursuant to Tex. Bus. & Com. Code § 3.301.  Accordingly, the Estate claims that the foreclosure should be rendered as void and set aside.  This argument is unavailing.

Texas courts have routinely concluded that a party does not have to be a holder of the mortgage note prior to conducting a non-judicial foreclosure.  In *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249 (5th Cir. 2013), this court addressed a similar argument as posited by the Estate under Texas law.  In *Martins*, we concluded that an assignee of a mortgage does not have to be a holder of the note to foreclose.  In rejecting the plaintiffs' argument, we stated:

> This claim—colloquially called the "show-me-the-note" theory— began circulating in courts across the country in 2009.  Advocates of this theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure.  The courts, however, have roundly rejected this theory and dismissed the claims, because foreclosure statutes simply do not require possession or production of the original note.  The "show-me-the-note" theory fares no better under Texas law.

*Id*. at 253. (citation omitted)

As the district court in *Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at \*2 (W.D. Tex. Apr. 26, 2011), further explained, Texas law "differentiates between enforcement of a promissory note and foreclosure.  Foreclosure enforces the deed of trust, not the underlying note." *See also Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at \*3 (W.D. Tex. July 25, 2011) ("Texas courts have refused to conflate foreclosure with enforcement of a promissory note.").  Consequently, "[w]here a debt is 'secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations.'" *Martins*, 722 F.3d at 255 (quoting *Aguero v. Ramirez*, 70 S.W. 3d 372, 374 (Tex. App.-Corpus Christi 2002, *pet. denied*).  Accordingly, we conclude that Wells Fargo was not required to be a holder of the mortgage note prior to foreclosing on the Property, and that it

No. 11-11222

was entitled to foreclose on the Property as assignee of the deed of trust. *See* Tex. Prop. Code § 51.0001(4).

## IV.

For the foregoing reasons, we **AFFIRM** the district court's grant of summary judgment.