# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 24, 2014

Lyle W. Cayce
Clerk

No. 13-10002

PAMELA RICHARDSON,

Plaintiff–Appellee

v.

WELLS FARGO BANK, N.A.;
FEDERAL HOME LOAN MORTGAGE CORPORATION,

Defendants–Appellants

Appeal from the United States District Court
for the Northern District of Texas

Before JONES, WIENER, and GRAVES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

The sole question presented here is whether Appellants Wells Fargo, N.A., *et al.* ("Wells Fargo") can move for attorney's fees under Rule 54(d)(2) of the Federal Rules of Civil Procedure. Appellee Pamela Richardson ("Richardson") sued Wells Fargo in Texas state court. After Wells Fargo removed the case to federal court, the district court dismissed all of Richardson's claims. Wells Fargo then filed a motion for attorney's fees, which the district court denied as being unauthorized by Rule 54(d)(2). We conclude that the bank may utilize this Rule and therefore reverse and remand the case for further proceedings.

No.  13-10002

**I.**

In 2006, Richardson borrowed $240,950.00 from Wells Fargo to refinance the mortgage on her property in Grapevine, Texas.  The debt was secured by a deed of trust.  In 2009, Richardson defaulted on her mortgage payments.  The following year, Wells Fargo offered Richardson a "Special Forbearance Plan." After Richardson failed to comply with the terms of this plan, Wells Fargo sold the property at a foreclosure sale to Freddie Mac for $247,763.62.  Richardson then brought suit, asserting claims related to Wells Fargo's foreclosure and Freddie Mac's attempts to evict her.  On June 29, 2012, the district court dismissed all of Richardson's claims on summary judgment.

The district court first raised the procedural question at issue here. Following the entry of final judgment, Wells Fargo moved for attorney's fees under Rule 54(d)(2), which provides that claims for attorney's fees "must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."  Fed. R. Civ. P. 54(d)(2)(A).  Wells Fargo relied on a standard provision from Richardson's deed of trust that supports recovery of the legal fees it incurred in defending against her claims. Richardson disputed that the deed of trust allowed Wells Fargo to recover attorney's fees, but did not object to using Rule 54(d)(2) as a vehicle for resolving the matter. After Richardson responded to the motion, the district court *sua sponte* requested additional briefing on whether Rule 54(d)(2) was available to Wells Fargo in light of the Rule's exception for claims that "must be proved at trial as an element of damages."  Ultimately, the district court held that Wells Fargo had a substantive right to attorney's fees under the deed of trust, but the bank could not recover these fees under Rule 54(d)(2) because they were an element of damages.  The district court explained that Wells Fargo could have recovered

No.  13-10002

attorney's fees by pursuing a counterclaim, but it refused to reopen the pleadings for this purpose.  Wells Fargo then appealed.

## II.

This Court reviews legal questions regarding the application of Rule 54(d)(2) *de novo*. *Romaguero v. Gegenheimer*, 162 F.3d 893, 895 (5th Cir. 1998). As noted, the Rule generally prescribes that claims for attorney's fees must be made by motion, but carves an exception where "the substantive law requires those fees to be proved at trial as an element of damages."  Because federal jurisdiction is premised on diversity, we apply the substantive law of Texas. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).  Under Texas law, attorney's fees are recoverable as a cost of collection only if authorized by statute or contract.  *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 172 (Tex. 2013).  Wells Fargo's claim for attorney's fees arises under the deed of trust. Accordingly, we consider whether the attorney's fees claimed under this agreement are damages under Texas law.

## III.

Texas courts "have long distinguished attorney's fees from damages."  *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d at 172.  To differentiate the two, Texas courts draw a distinction between "compensation owed for an underlying harm and fees that may be awarded for counsel's services."  *Id*. at 173.  Thus, attorney's fees for the prosecution or defense of a claim are not damages under Texas law.  *Id*.  Texas courts also recognize, however, that in some cases attorney's fees are compensation for an underlying harm and therefore recoverable as damages.  For example, attorney's fees are considered damages if the fees are incurred in litigation with a third party, or if the fees are unpaid legal bills sought in a breach of contract action against a client, or if the fees are expended before litigation to obtain title from a third party to

3

whom defendants had wrongfully transferred title.[1] In these cases, the legal fees constitute "an independent ground of recovery," *Heliflight, Inc. v. Bell/Agusta Aerospace Co. LLC*, No. 4:06-CV-425-A, 2007 WL 4373259, at *2 (N.D. Tex. Dec. 12, 2007) (quoting *Crumpton v. Stevens,* 936 S.W.2d 473, 476 (Tex.App.-Fort Worth 1996)), and are therefore distinguishable from the collateral legal costs associated with collecting a debt or prosecuting or defending against a pending lawsuit.

Here, the deed of trust provided for attorney's fees to compensate Wells Fargo, *inter alia*, for the prosecution or defense of a claim. The agreement stated, in pertinent part:

> **Protection of Lender's Interest in the Property and Rights**: Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument . . . , or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, . . . . Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) *paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument*. (emphasis added).

Attorney's fees sought under this provision are expressly distinguished from the damages that Wells Fargo incurs whenever the bank's substantive interest in Richardson's property is harmed by the borrower's failure to perform. The fees are not an "independent ground of recovery." They are the costs of

---

[1] *See Am. Home Assur. Co. v. United Space Alliance, LLC*, 378 F.3d 482, 490 (5th Cir. 2004) (third-party litigation); *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d at 174 (unpaid legal bills); *Donnelly v. Young*, 471 S.W.2d 888, 891 (Tex. Civ. App.-Fort Worth 1971,writ ref'd n.r.e.) (pre-litigation costs resulting from wrongful conversion).

collection or costs incurred to protect the bank's interest in the mortgaged property and its rights under the security agreement.

Richardson, echoing the district court, asserts that the following language from another provision of the deed of trust demonstrates that the attorney's fees are damages: "Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument."  Richardson contends that, under this provision, Wells Fargo's attorney's fees are part of her contractual debt.  True enough, but how this makes any difference under Texas law is a mystery that Richardson does not attempt to solve.  The additional debt provision speaks only to the manner in which Wells Fargo's attorney's fees will be collected.  It authorizes the bank to collect its attorney's fees from the proceeds of a foreclosure sale or through a separate judgment in the event that the foreclosure proceeds are insufficient to reimburse fees.  The mechanism of collecting attorney's fees, however, has no relevance under Texas law to determining whether those fees are in the nature of damages or collateral costs.

According to the district court, "No reasonable argument can be made that facts establishing the existence and amount of [Richardson's] indebtedness do not have to be proved at trial as elements of damages." *Richardson v. Wells Fargo*, *N.A.*, No. 4:11-CV-359-A, 2012 U.S. Dist. LEXIS 171671, at *10 (N.D. Tex. Dec. 3, 2012).  Yet this assertion is contrary to numerous decisions of other district courts that have granted Rule 54(d)(2) motions to recover attorney's fees provided by contracts that included the same additional debt term.[2]  *See, e.g.*, *Shaw v. Wells Fargo Bank*, *N.A.*, 4:12-cv-

---

[2] The attorney's fee provision in the deed of trust is a standard term used by Fannie Mae/Freddie Mac when originating single-family residential mortgage loans. *See* Form 3044: Texas Deed of Trust, http://www.freddiemac.com/uniform/unifsecurity.html (last visited Jan. 13, 2014).

No. 13-10002

01422, 2013 WL 4829268 (S.D. Tex. Sept. 10, 2013); *Palmer v. Wells Fargo Bank, N.A.*, No. 3:13-cv-00429-Y (N.D. Tex. July 19, 2013); *Daniels v. Wells Fargo Home Mortg.*, No. 3:12-cv-00163 (S.D. Tex. May 29, 2013). Although some lenders have counterclaimed for attorney's fees, as opposed to moving under Rule 54(d)(2), none of the courts reviewing these counterclaims characterized the attorney's fees as damages on account of the additional debt language. *See, e.g.*, *Simicek v. Wells Fargo*, No. H:12-1545, 2013 WL 5425126, at *4-6 (S.D. Tex. Sept. 26, 2013); *May v. Wells Fargo Bank, N.A.*, No. 4:11-3516, 2013 WL 4647673, at *5 (Aug. 29, 2013). The consensus among these district courts exists for good reason. Holding otherwise would invite needless satellite litigation over the possible procedural ramifications of contractual attorney's fee language, which is contrary to the aim of the Federal Rules of Civil Procedure. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 51 (1991) (declining to restrict a court's authority to sanction litigants where restriction "would serve only to foster extensive and needless satellite litigation, which is contrary to the aim of the Rules themselves"); *see also* Fed. R. Civ. P. 8(d)(1) (providing that no "technical form" is required in pleading a claim).

Richardson contends that Wells Fargo must prove its attorney's fees as damages because they are authorized by contract. In support, Richardson relies on the Advisory Committee Notes to Rule 54(d)(2) and two district court cases, *Caremark, Inc. v. Coram Healthcare Corporation*, 924 F. Supp. 891 (N.D. Ill. 1996) and *Allgood Elec. Co. v. Martin K. Eby Constr. Co.*, 179 F.R.D. 646, 649 (M.D. Ga. 1998). None of these authorities, however, proves that Rule 54(d)(2) is always off-limits to attorney's fees provided by contract. The Advisory Committee Notes indicate that Rule 54(d)(2) is inapplicable "to fees recoverable as an element of damages, as when sought under the terms of a contract." Fed. R. Civ. P. 54(d)(2) (1993 Advisory Committee Notes). The Notes

set no bright-line rule that fees sought under the terms of "*any* contract" or "*all* contracts" must be considered damages. Instead, attorney's fees provided by contract are an example of fees that *might* be recoverable as an element of damages. The language of the contract and the nature of the claim are the dispositive factors concerning whether the fees are an element of damages or collateral litigation costs. Moreover, the Seventh and Eleventh Circuits have rejected *Carmark*'s and *Allgood*'s blanket prohibition against Rule 54(d)(2) motions to recover fees provided by contract. Those circuit courts considered the text of Rule 54(d)(2) and the Advisory Committee Notes and concluded that, in appropriate situations, contractual attorney's fees may be pursued under Rule 54(d)(2). *Rissman v. Rissman*, 229 F.3d 586, 587-88 (7th Cir. 2000) (holding that the party seeking contractual attorney's fees is entitled to a decision on the merits); *Capital Assert Research Corp. v. Finnegan*, 216 F.3d 1268, 1270 (11th Cir. 2000) (per curiam) (same). For the reasons stated immediately above, we agree that motions for attorney's fees provided by contract are permissible under Rule 54(d)(2).

Accordingly, the district court's order denying Wells Fargo's motion for attorney's fees is REVERSED and the case is REMANDED for resolution of the motion on its merits.