**Alexander RODRIGUEZ and Rosalina Milian, Plaintiffs,**

v.

**QUICKEN LOANS, INC., Defendant.**

**CASE NO. 4:16–CV–1008**

United States District Court, S.D. Texas, Houston Division.

Signed 06/28/2017

Anh Thu Dinh, Dominique N. Hinson, Robert Chamless Lane, The Lane Law Firm, Houston, TX, for Plaintiffs.

Natalie Deyo Thompson, Peter S Wahby, Greenberg Traurig LLP, Dallas, TX, for Defendant.

## ORDER

NANCY F. ATLAS, SENIOR UNITED STATES DISTRICT JUDGE

By Memorandum and Order [Doc. # 26] and Final Judgment [Doc. # 27] entered October 11, 2016, the Court granted summary judgment in favor of Defendant Quicken Loans, Inc. On October 21, 2016, Defendant filed a timely Rule 54(d) Motion for Attorney's Fees ("Motion") [Doc. # 29], to which Plaintiffs Alexander Rodriguez and Rosalina Milian filed a Response [Doc. # 32], and Defendant filed a Reply [Doc. # 33]. On June 5, 2017, the United States Magistrate Judge to whom the Motion was referred issued a Report and Recommendation [Doc. # 34], recommending that the Motion be denied. Neither party filed an objection to the recommendation.

Because there is no objection to the recommendation that the Motion be denied, this Court exercises its discretion to deny Defendant's request for an award of attorney's fees in this case. It is hereby

ORDERED that Defendant's Motion for Attorney's Fees [Doc. # 29] is DENIED.

SIGNED at Houston, Texas, this 28th day of June, 2017.

## REPORT AND RECOMMENDATION

Dena Hanovice Palermo, United States Magistrate Judge

Defendant Quicken Loans, Inc. ("Quicken") obtained summary judgment against Plaintiffs' claims and now moves for attorney's fees and expenses pursuant to Federal Rule of Civil Procedure 54(d)(2). ECF No. 29. Having considered the parties' arguments and the applicable law, the Court RECOMMENDS that the motion be DENIED.[1]

## I. BACKGROUND

In June of 2013, Plaintiffs took out a loan from Quicken to purchase a home in Conroe, Texas. They signed two documents: (i) a promissory note obligating them to repay Quicken for the loan, and (ii) a deed of trust granting Quicken a security interest in the home. In 2015, Plaintiffs fell behind on their loan payments. On March 14, 2016, Quicken sent Plaintiffs a notice that their home was scheduled to be sold at a non-judicial foreclosure sale on April 5, 2016.

On April 1, 2016, Plaintiffs filed suit in the 284th District Court of Montgomery County, Texas seeking declaratory and injunctive relief based on two substantive causes of action. First, Plaintiffs alleged that Quicken violated the federal Real Estate Settlement Procedures Act ("RESPA"), and regulations promulgated thereunder, by pursuing foreclosure while si-

---

1. Pursuant to 28 U.S.C. § 636(b)(1)(A)–(B), United States District Judge Nancy F. Atlas referred all nondispositive and other pretrial matters in this case for this Court's determination, and "all potentially dispositive motions" for report and recommendation. ECF No. 11. The present motion calls for a report and recommendation. See FED. R. CIV. P. 54(d)(2)(D) (providing that a district court "may refer a motion for attorney's fees to a magistrate judge . . . as if it were a dispositive pretrial matter").

multaneously considering Plaintiffs for loss mitigation options—an unlawful practice known as "dual tracking." *See* Report. and Recommendation ("R & R") 5, ECF No. 25. Second, Plaintiffs alleged that Quicken violated the Texas Property Code by failing to serve timely notice of the foreclosure sale on them. *Id.* 9. On April 4, the state court granted an *ex parte* temporary restraining order preventing Quicken from "proceeding with or attempting to sell or foreclose" upon Plaintiffs' home. *See* ECF No. 1–4.

Quicken subsequently removed the suit to federal court based on federal question jurisdiction over the RESPA claim and then moved to dismiss. Judge Atlas referred the matter to this Court. After converting the motion to dismiss into one for summary judgment and receiving additional briefing, the Court recommended granting summary judgment in Quicken's favor. R & R 12. The Court concluded that Plaintiffs' RESPA claim failed as a matter of law because: (i) Plaintiffs did not submit their complete loss mitigation application to Quicken more than 37 days before the foreclosure sale date, as they were required to do under the applicable regulations, R & R 5–6; (ii) Plaintiffs had previously submitted multiple loss mitigation applications, which Quicken had considered and responded to in accordance with RESPA's requirements, R & R 6–8; and (iii) Plaintiffs failed to put forth any evidence of actual damages they suffered as a result of Quicken's alleged violation of RESPA, R & R 8–9. The Court recommended dismissing Plaintiffs' Texas Property Code claim based on undisputed summary judgment evidence showing that Quicken served notice of the foreclosure sale on Plaintiffs more than 21 days before the scheduled sale date, as required by statute. R & R 9–10. Because Plaintiffs' substantive claims were without merit, the Court recommended denying their requests for declaratory and injunctive relief. R & R 10–12.

On October 11, 2016, Judge Atlas adopted the report and recommendation and issued a final judgment dismissing the case with prejudice. ECF Nos. 26, 27. After entry of judgment, Quicken submitted a bill of costs to the Clerk of Court, who taxed costs in the amount of $400.00 against Plaintiffs. ECF No. 28.

Quicken now seeks to have Plaintiffs pay it $18,912.45 in attorney's fees for the time Quicken's two attorneys and a paralegal purportedly spent working on this case. Quicken also seeks expenses of $740.88 for courier/messenger services related to its court filings and car, taxi, and airfare costs its attorneys incurred in traveling to and from the initial pretrial conference. Quicken claims entitlement to these fees and expenses based on contractual language in the promissory note and deed of trust.

## II. LEGAL STANDARD

■ Federal Rule of Civil Procedure 54(d)(2) provides the "procedural requirements" for recovering attorney's fees and related expenses in federal court. *United Indus., Inc. v. Simon–Hartley, Ltd.*, 91 F.3d 762, 765 (5th Cir. 1996). The rule mandates that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." FED. R. CIV. P. 54(d)(2)(A). A Rule 54(d)(2) motion "must be filed no later than 14 days after the entry of judgment." FED. R. CIV. P. 54(d)(2)(B)(i). By contrast, "[a]ttorneys fees that are recoverable as an element of damages, such as when sought under the terms of a contract, must be claimed in a pleading" before final judgment. *United Indus.*, 91 F.3d at 766 n.7; *accord* FED. R. CIV. P. 54(d)(2)(A) advisory committee's note to 1993 amendment (stating that while Rule 54(d)(2) "establishes a procedure for presenting claims for attorneys' fees," it "does not, however, apply to fees recoverable as an element of damages, as

when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury"); *CSMG Techs., Inc. v. Allison*, No. 4:07-cv-0715, 2009 WL 2242351, at *3 (S.D. Tex. July 24, 2009) (Atlas, J.).

■ Just as Rule 54(d)(2) defers to the applicable "substantive law" on whether fees must "be proved at trial as an element of damages," the rule does not supply the substantive prerequisites for obtaining attorney's fees and expenses. Those requirements are "governed by the same law"— e.g., federal or state—"that serves as the rule of decision for the substantive issues in the case." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (citing *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000)). One basic substantive requirement is that the requested fees and expenses be recoverable in the first place. *See Kona Tech.*, 225 F.3d at 614; *Kucel v. Walter E. Heller & Co.*, 813 F.2d 67, 73–74 (5th Cir. 1987) (reversing award because Illinois law "does not permit recovery of attorney's fees in suit on a note or other contract"); *Mortensen v. Mortg. Elec. Registration Sys., Inc.*, No. 09-0787-W, 2011 WL 1675269, at *2 (S.D. Ala. May 3, 2011) ("The threshold question, of course, is whether [the party requesting fees] is entitled to a fee award at all.").

■ Even when a party has satisfied Rule 54(d)(2)'s procedural requirements and the governing substantive law permits recovery, the decision whether to award attorney's fees and expenses remains subject to the district court's equitable discretion. *McDonald's Corp. v. Watson*, 69 F.3d 36, 45–46 (5th Cir. 1995). The Fifth Circuit has expressly held that a district court "abuses its discretion if it awards contractually-authorized attorney's fees under circumstances that make the award inequitable or unreasonable." *Id.* at 46; *accord Anderson v. Melwani*, 179 F.3d 763, 766 (9th Cir. 1999); *Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc.*, 817 F.2d 1533, 1537 n.7 (11th Cir. 1987).

## III. DISCUSSION

### A. Applicable Law

At the outset, some clarification on what law governs the substantive aspects of Quicken's requested award is in order. Plaintiffs asserted two substantive claims in this suit: a federal law claim under RESPA and a state law claim under the Texas Property Code. Federal law supplied the "rule of decision" requiring dismissal of the RESPA claim; thus, federal law governs Quicken's substantive right to recover attorney's fees and expenses incurred in connection with that claim. *Mathis*, 302 F.3d at 461; *Klein v. City of Laguna Beach*, 810 F.3d 693, 701–02 (9th Cir. 2016) ("[F]ederal courts apply state law for attorneys' fees to state claims because of the *Erie* doctrine, . . . and *Erie* does not compel federal courts to apply state law to a federal claim.").[2] Texas law provided the basis for dismissing Plaintiffs' Texas Property Code claim; thus, Texas law controls the substance of Quicken's right to recover fees and expenses as to

**2.** This area of federal law, which consists of the default "American rule" of attorney's fees and supplementary rules developed by the courts, has sometimes been described as the "federal common law of attorney's fees." *See Modzelewski v. Resolution Trust Corp.*, 14 F.3d 1374, 1379 (9th Cir. 1994); *Klein*, 810 F.3d at 702–03; *cf. Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 & n.2 (5th Cir. 1981) (holding that federal common law "determines the validity of oral settlement agreements in employment discrimination actions brought pursuant to [federal statute]"); *Marchese v. Sec'y, U.S. Dep't of Interior*, 409 F.Supp.2d 763, 770–71 (E.D. La. 2006) (applying " 'the federal common law of contract interpretation in deciding whether to enforce a settlement agreement' " in action brought

that claim. *Mathis*, 302 F.3d at 461; *see also Disability Law Ctr. v. Anchorage Sch. Dist.*, 581 F.3d 936, 941 (9th Cir. 2009) (recognizing that "in federal question cases with supplemental jurisdiction over state-law claims," state law governs the substance of fee awards as to the state law claims).

█ Federal and Texas law both recognize that although " 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser,' " such recovery is permissible if explicitly provided for by statute or an enforceable contract. *Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)); *Intercont'l Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 & n.7 (Tex. 2009). Beyond this basic rule, it is not clear that federal law and Texas law govern the substantive aspects of contractual attorney's fees in identical fashion. The parties, having assumed that Texas law alone applies to Quicken's motion, have not identified any differences between the two regimes. The Court has independently researched the question and, except as expressly noted below, has not found any conflict between federal and Texas law relevant to this case.

## B. Quicken Cannot Recover Attorney's Fees and Expenses under the Promissory Note

█ Quicken bases its claim to attorney's fees and expenses on § 6 of the promissory note and § 9 of the deed of trust. Turning first to the note, the cited provision reads:

> under federal employment discrimination statutes (quoting *Turner Marine Fleeting, Inc. v. Quality Fab & Mech., Inc.*, No. 02-0091,

## 6. BORROWER's FAILURE TO PAY AS REQUIRED

\* \* \*

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. . . .

\* \* \*

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, *the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note* to the extent not prohibited by applicable law. *Those expenses include, for example, reasonable attorneys' fees.*

Promissory Note § 6, ECF No. 1–4 (emphasis added).

The threshold inquiry is whether this provision of the note gives Quicken a substantive right to a fee award in this case. More specifically, the question is whether it can be said, after applying ordinary rules of contract interpretation to the language of § 6, that Quicken incur the requested fees and expenses "in enforcing" the note.[3]

█ Promissory notes and deeds of trust are distinct legal instruments. *Mar-*

2002 WL 31819199, at \*4 (E.D. La. Dec. 13, 2002))).

**3.** In construing contractual attorney's fee pro-

*tins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 255 (5th Cir. 2013); *Lowery v. Bank of Am., N.A.,* No. 04-12-00729-CV, 2013 WL 5762227, at *2 (Tex. App.–San Antonio Oct. 23, 2013, no pet.) ("A promissory note and the deed of trust that secures the note constitute two separate and severable obligations of the debtor-mortgagor, each with its own distinct remedy for the breach of those obligations."). Under Texas law, there is a well-established legal difference between "enforcing a promissory note" and "enforcing a deed of trust." *Svoboda v. Bank of Am., N.A.,* 964 F.Supp.2d 659, 666–67 (W.D. Tex. 2013), *aff'd,* 571 Fed.Appx. 270 (5th Cir. 2014).[4] "Enforcement of a promissory note" requires that the lender initiate "a personal action against the signatory" in a judicial proceeding. *Id.* at 666. By contrast, "enforcement of a deed of trust" requires the lender to exercise its right to foreclose under the "power of sale" granted by the deed of trust. Foreclosure is "an independent action against the collateral and [in certain circumstances] may be conducted without judicial supervision." *Id.* The Fifth Circuit has described this crucial distinction in no uncertain terms: ***"Foreclosure enforces the deed of trust, not the underlying note."*** *Estate of Falk v. Wells Fargo Bank, N.A.,* 541 Fed.Appx. 481, 483 (5th Cir. 2013) (per curiam) (unpublished decision) (emphasis added) (quoting *Reardean v. CitiMortgage, Inc.,* No. A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011)). Since "technical or legal terms of art must be given their technical or legal meaning" when used "in a transaction within their technical field," this distinction controls the interpretation of § 6. *Tekelec, Inc. v. Verint Sys., Inc.,* 708 F.3d 658, 665 (5th Cir. 2013); RESTATEMENT (SECOND) OF CONTRACTS § 202(3)(b) ("Unless a different intention is manifested ... technical terms and words of art are given their technical meaning when used in a transaction within their technical field.").

The Court concludes that Quicken did not "enforce" the promissory note in this case within the meaning of § 6. Quicken did not initiate a personal action against Plaintiffs for the amount owed under the note. It did not even bring a counterclaim against Plaintiffs based on the note. Instead, it merely defended against Plaintiffs' claims. If a borrower asserts a claim that reasonably threatens to significantly impair a lender's distinct rights under a promissory note, it *might* be argued that the lender "enforces" the note simply by defending against that claim.[5] However,

---

visions, courts apply ordinary rules of contract interpretation. *In re Velazquez,* 660 F.3d 893, 897 (5th Cir. 2011); *Fitzgerald v. Schroeder Ventures II, LLC,* 345 S.W.3d 624, 629–30 (Tex. App.–San Antonio 2011, no pet.).

4. Under federal common law, " '[t]he note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity.' " *Martins,* 722 F.3d at 254 (quoting *Carpenter v. Longan,* 83 U.S. (16 Wall.) 271, 274, 21 L.Ed. 313 (1872)) (distinguishing Texas law). To the extent federal common law applies to this case, it governs interpretation of the attorney's fee provisions in the note and deed of trust, not the other substantive obligations embodied in those instruments. As a matter of federal law, the Court finds it appropriate to interpret the note's language in light of the Texas law distinction between a note and a deed of trust. Such an interpretation is most likely to reflect the parties' intentions, given the location of the property and the fact that Plaintiffs executed the instruments in Texas.

5. *But see Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 62, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995) (recognizing "the common-law rule of contract interpretation that a court should construe ambiguous language against the interest of the party that drafted it"); *Wivell v. Wells Fargo Bank, N.A.,* No. 6:12-CV-03457-DGK, 2013 WL 6512487, at *2 (W.D. Mo. Dec. 12, 2013) (holding that deed of trust provision stating that "Lender shall

Plaintiffs' claims did not reasonably threaten to impair Quicken's rights under the note. In their original petition, Plaintiffs alleged that *"the scheduled foreclosure sale* is a violation of RESPA." Orig. Pet. ¶ 15, ECF No. 1–4 (emphasis added). Similarly, Plaintiffs premised their Texas Property Code claim on the allegation that Quicken "failed to provide [them] with timely notice of the foreclosure." *Id.* ¶ 18. On their face, Plaintiffs' claims attacked only Quicken's right to foreclose on their home, and that right derived solely from the deed of trust—*not* the note. *See* Deed of Trust § 22 (laying forth Quicken's right to foreclose on the property).

Plaintiffs' requested relief was also confined to the deed of trust. They asked for "a declaration that Quicken does not have the power of sale pursuant to the deed of trust for the April 5, 2016 foreclosure ... [because] Plaintiff[s] w[ere] not given proper notice of the foreclosure sale." Orig. Pet. ¶¶ 21–22. They also requested an injunction

> requiring [Quicken] ... to desist and refrain from:
>
> a. entering and taking possession of the Property or otherwise interfering with Plaintiffs' right to the quiet enjoyment and use of the Property;

b. proceeding with or attempting to sell or foreclosure upon the Property; and

c. attempting to purchase, transfer, assign or collect on the Mortgage.

d. charging Plaintiffs' account for attorney's fees in connection with this action.

*Id.* ¶ 23. Plaintiffs specified that the term "Mortgage" referred to the deed of trust and not to the promissory note. *Id.* ¶ 11.[6]

Had Plaintiffs prevailed on their claims and obtained their requested relief, Quicken would have been unable to proceed with its planned foreclosure sale, but it would likely have retained the right to seek a personal judgment against Plaintiffs under the note. *See Svoboda*, 964 F.Supp.2d at 666. As a practical matter, a personal judgment might not have afforded Quicken full recovery of the amount owed under the note (Plaintiffs may have been at least partially judgment proof). But the note itself provided no protection for that eventuality—that is what the deed of trust, as a security instrument, was for. *See* Promissory Note § 10 (explicitly recognizing that the deed of trust provides "protections" from "possible losses" that are "[i]n addition to" those given in the note itself).

In sum, Quicken's attorney's fees and expenses were not incurred "in enforcing" the promissory note. To hold otherwise

be entitled to collect all expenses incurred in pursuing the remedies provided in this [s]ection" did not encompass lender's defense of a post-foreclosure lawsuit; while that defense "was a logical and necessary step in protecting [lender's] foreclosure remedy, the plain language of this provision does not explicitly provide attorneys' fees to [lender] for those legal actions").

6. Plaintiffs mentioned the promissory note in their petition when they said they were seeking a "declaratory judgment specifying Plaintiffs' and [Quicken]'s rights and duties in connection with the Deed of Trust and the underlying Note." Orig. Pet. ¶ 19. In connec-

tion with their request for a temporary injunction, Plaintiffs also stated that they had "a probable right to relief in that Defendant Quicken does not have an enforceable Deed of Trust (and/or Note)," *Id.* ¶ 34. These generalized references were insufficient to *reasonably* threaten impairment of the note, particularly since Plaintiffs made them in describing their requests for relief, rather than the substance of their claims. *See* 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2662 (3d ed. 2017) ("The relief [that a court awards] must be based on what is alleged in the pleadings and justified by plaintiff's proof ....").

would be to disregard well-settled legal principles and the clear meaning of the note's language. Accordingly, the note provides no grounds for granting Quicken's requested award. Since Quicken does not have a substantive right to fees under the note, the Court does not reach the further question of whether fees recoverable under § 6 must be "proved as damages at trial" or can instead be obtained through a Rule 54(d)(2) motion.

## C. Equitable Considerations Mandate That Quicken Not Be Allowed to Recover Attorney's Fees and Expenses under the Deed of Trust

██ Quicken also claims entitlement to an award of attorney's fees and expenses based on § 9 of the deed of trust, which states in pertinent part:

> **9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.**
>
> If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to ... (c) *paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument*, including its secured position in a bankruptcy proceeding. . . .
>
> Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment. . . .

Deed of Trust § 9, ECF No. 1–4 (emphasis added).

Plaintiffs argue that Quicken cannot obtain fees and expenses under the deed of trust because it did not file a counterclaim for them prior to final judgment. In addition, Plaintiffs argue that *res judicata* bars Quicken's post-judgment fee request.

██ The Court doubts that Quicken can recover attorney's fees and expenses by means of the present motion because it appears that both federal and Texas law required Quicken to plead and prove its claim to such fees as damages before entry of final judgment.[7] The Court does not

---

**7.** The Fifth Circuit has explicitly held that "attorney's fees provided by contract are an example of fees that might be recoverable as an element of damages" and thus unrecoverable through a post-judgment motion under Rule 54(d)(2). *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1039 (5th Cir. 2014) (emphasis removed). Two factors are "dispositive" in determining "whether the fees are an element of damages": (i) "[t]he language of the contract" and (ii) "the nature of the claim." *Id.* In the present case, both factors militate in favor of finding Quicken's requested fees to be an element of damages.

Reading the language of the deed of trust in light of well-established rules of contract interpretation and the facts of this case, it appears that whatever substantive entitlement Quicken may have to attorney's fees and expenses under that instrument is governed by § 22 (entitled "Acceleration; Remedies"), not § 9. Plaintiffs commenced this suit in response to Quicken's efforts to conduct a foreclosure sale on their home pursuant to § 22;

reach that question, however, because, even assuming, *dubitante*, that Quicken could otherwise recover attorney's fees and costs under § 9 of the deed of trust post-judgment, equitable considerations require that Quicken's motion be denied. *See McDonald's Corp.*, 69 F.3d at 46.[8]

As already noted, Plaintiffs asserted claims under RESPA and the Texas Property Code. Plaintiffs' RESPA claim arose under § 2605 of that statute and regulations promulgated pursuant to that section. R & R 2 (noting that Plaintiffs' claim arose under § 2605 and Regulation X, 12 C.F.R. § 1024.41(g) and (h)). Section 2605(f) provides the remedies for violations of those provisions. 12 U.S.C. § 2605(f); 12 C.F.R.

Quicken's fees were therefore "incurred in pursuing the remedies provided in" § 22. *See* Deed of Trust § 22. To hold that Quicken can recover the fees under § 9 would render § 22's attorney's fee language meaningless and would ignore the rule that a specific contractual provision controls over a more general provision concerning the same issue. Furthermore, Plaintiff's suit does not fall under § 9(b) because it does not constitute "a legal proceeding ... such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations." *See Lucero v. Cenlar FSB*, No. C13-0602RSL, 2016 WL 337221, at *4-6 (W.D. Wash. Jan. 28, 2016) ("The threats which trigger paragraph 9 are significant and in the nature of bankruptcy proceedings, probate, liens, and condemnation actions. An action to compel a lender to comply with the terms and conditions of the Deed of Trust is not of the same kind as the listed proceedings because there is no threat to the lender's priority position in the property or its contractual rights ....").

Because § 22 contemplates attorney's fees as compensation for an underlying harm (i.e., a default by the borrower under the deed of trust that causes the lender to initiate foreclosure proceedings), and because the condition precedent to recovery of attorney's fees under § 22 is the borrower's default, both Texas and federal law required Quicken to plead and prove its claim to attorney's fees as damages before final judgment. *See Richardson*, 740

§ 1024.41(a). As pertinent here, § 2605(f)(3) states:

**(f) Damages and costs**

*Whoever fails to comply with any provision of this section* shall be liable *to the borrower* for each such failure in the following amounts:

\* \* \*

**(3) Costs**

In addition to the amounts under paragraph (1) or (2), *in the case of any successful action under this section, the costs of the action, together with any attorneys fees incurred in connection with such action* as the court may

F.3d at 1037-38 (Texas law); *Vill. Contractors, Inc. v. Trading Fair IV, Inc.*, No. 4:09-cv-2701, 2011 WL 2693386, at *3 (S.D. Tex. July 11, 2011) (Werlein, J.) (federal law).

In *Richardson*, the Fifth Circuit found that the lender-defendant could recover attorney's fees under Rule 54(d)(2) because those fees were not an element of damages under Texas law. 740 F.3d at 1038-40. The borrower-plaintiff's claims in *Richardson* were post-foreclosure claims, however, and therefore ostensibly implicated § 9(b). *Id.* at 1037; *Richardson v. Wells Fargo Bank, N.A.*, 873 F.Supp.2d 800, 804-05 (N.D. Tex. 2012) (noting that borrower sued for, inter alia, "wrongful foreclosure and wrongful eviction"), *aff'd*, 538 Fed.Appx. 391 (5th Cir. 2013). Here, by contrast, Plaintiffs asserted their claims *before* foreclosure. The pre-foreclosure nature of Plaintiffs' claims, along with the fact that § 22 is the applicable provision, renders the present case distinguishable from *Richardson*.

**8.** Although Plaintiffs did not raise these equitable factors, the Court has an independent duty to consider them. *See Curry v. Beatrice Pocahontas Coal Co.*, 67 F.3d 517, 522 n.8 (4th Cir. 1995) ("The normal rule of course is that failure to raise an issue for review in the prescribed manner constitutes a waiver. But the rule is not an absolute one and review may proceed (even completely *sua sponte*) when the equities require. Here, generally recognized equities compel our review." (internal citations omitted)).

**850**

determine to be reasonable under the circumstances.

12 U.S.C. § 2605(f)(3) (emphasis added); *see also* 12 C.F.R. § 1024.41(a) (stating that *"[a] borrower* may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))" (emphasis added)).

This language is unambiguous: only a "borrower" who maintains a "successful action" under § 2605 or its attendant regulations may recover statutory attorney's fees pursuant to § 2605(f)(3). A prevailing lender-defendant like Quicken cannot.[9] Of course, Quicken seeks to recover contractual attorney's fees based on the deed of trust, not statutory attorney's fees under RESPA. But even so, the fact that Quicken could not receive statutory attorney's fees is an equitable factor that weighs decisively against allowing it to obtain such fees pursuant to contract.

In *Baehr v. Creig Northrop Team, P.C.*, No. 13-0933, 2015 WL 897759 (D. Md. Mar. 2, 2015), a class of plaintiffs sued several defendants for violating RESPA's anti-kickback provisions, found in § 2607 of the statute. *Id.* at *1; *see also Baehr v. Creig Northrop Team, P.C.*, No. 13-0933, 2014 WL 346635, at *5 (D. Md. Jan. 29, 2014) (citing various provisions of 12 U.S.C. § 2607). The defendant filed a counterclaim against the plaintiffs for contractual attorney's fees, and the plaintiffs moved to dismiss the counterclaim under Rule 12(b)(6). *Baehr*, 2015 WL 897759, at *3–4.

The court granted the motion to dismiss. In doing so, it relied upon § 2607(d)(5), which is the statutory attorney's fee provision applicable to violations under § 2607 of RESPA. *Id.* at *5–6. That provision states:

> In any private action brought pursuant to this subsection, the court may award to the prevailing party the court costs of the action together with reasonable attorneys fees.

12 U.S.C. § 2607(d)(5).

Looking to a line of cases originating with the Supreme Court's decision in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the court in *Baehr* read § 2607(d)(5)'s "prevailing party" language as incorporating a " 'plaintiff-friendly dual standard' " under which a prevailing plaintiff may "ordinarily be awarded [statutory] attorney's fees," while a prevailing defendant may "only receive fees if 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.' " *Baehr*, 2015 WL 897759, at *5. Because there was no allegation that the *Baehr* plaintiffs' claims were frivolous, the defendants could not recover statutory attorney's fees under § 2607(d)(5). *Id.* at *7. The court therefore concluded that "it would be incongruous to allow the [d]efendants to enforce by contract an attorneys' fees provision against plaintiffs who have brought a RESPA action in good faith." *Id.* at *7 (internal

---

**9.** A district court has stated that § 2605(f)(3) "permit[s] reasonable attorney's fees to the 'prevailing party.' " *Barrett v. Green Tree Servicing*, No. 214 F.Supp.3d 670, 672–73 (S.D. Ohio 2016). Inasmuch as this reading would permit a prevailing lender-defendant to obtain such fees, this Court disagrees. The court in *Barrett* appears to have based its interpretation solely on the words "any successful action," but apparently overlooked the prefatory clause, which specifies that only someone who "fails to comply with any provision of this section shall be liable to the borrower" for such fees. *Barrett* cited *In re Nosek*, No. 02-46025 JBR, 2006 WL 2700792 (Bankr. D. Mass. Sept. 19, 2006). *Nosek*, however, did not hold that § 2605(f)(3) is identical in all respects to a "prevailing party" provision; it merely relied on caselaw concerning "prevailing party" statutes to hold that a "successful action" under § 2605(f)(3) includes an action in which a plaintiff recovers nominal damages. *Id.* at *3.

quotation marks and brackets omitted) (citing *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 276 (4th Cir. 2013)).

Based on the Supreme Court's rationale in *Baehr*, RESPA militates even more strongly against permitting Quicken to recover contractual attorney's fees and expenses in the circumstances of this case. Unlike § 2607(d)(5), which allows a prevailing lender-defendant to recover statutory attorney's fees in some instances, § 2605(f)(3) allows only prevailing borrowers to obtain an award. This evidences Congress's intent to promote the ability of " 'aggrieved citizens to advance the public interest' " by pursuing claims under § 2605 of RESPA without fear that, if unsuccessful, they will be saddled with a prevailing lender-defendant's attorney's fees. *See Baehr*, 2015 WL 897759, at *5 (quoting *Scoggins*, 718 F.3d at 276); *cf. Modular Arts, Inc. v. Interlam Corp.*, No. C07-382Z, 2009 WL 151336, at *3 (W.D. Wash. Jan. 20, 2009) ("If a [p]laintiff is afraid of asserting a copyright registration because of the probability of paying a substantial judgment for attorney's fees and costs, it would chill any incentive to litigate

valid copyright claims."); *Ratliff v. Pason Sys. USA Corp.*, 196 F.Supp.3d 699, 700–01 (S.D. Tex. 2016) (holding that language in proposed opt-in notice stating that plaintiffs "may be liable for court costs" would impermissibly chill plaintiffs from exercising their right to join collective action suits under the Fair Labor Standards Act). Thus, awarding contractual attorney's fees to Quicken in this case would be even more "incongruous" than an award would have been in *Baehr*.[10]

█ Unlike *Baehr*, this case involves a state law claim in addition to the federal RESPA claim. But that does not require a different result. It is well settled that "[s]tate law does not govern the scope of the equity powers of the federal court; and this is so even when state law supplies the rule of decision." *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 646 F.2d 800, 806 (2d Cir. 1981); *accord Guar. Trust Co. v. York*, 326 U.S. 99, 106, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Clark Equip. Co. v. Armstrong Equip. Co.*, 431 F.2d 54, 57 (5th Cir. 1970). Moreover, Plaintiffs' Texas Property Code claim and their RESPA claim were closely related, arising as they both did from Quicken's foreclosure efforts.[11] As such, awarding Quicken attor-

---

**10.** In *Williams v. Wells Fargo Bank, N.A.*, 560 Fed.Appx. 233 (5th Cir. 2014), the Fifth Circuit approved an award of contractual attorney's fees in favor of a lender-defendant. *Id.* at 244–45. Among the plaintiffs' numerous causes of action in that case was a claim under § 2605(e) of RESPA. *Id.* at 241–42. In affirming the award, however, the court did not discuss any equitable considerations bearing on the propriety of the award. Thus, *Williams'* holding is not contrary to the recommendation here. Furthermore, as an unpublished opinion, *Williams* is not binding precedent. *See* 5TH CIR. R. 47.5.4; *Bartolome v. United States*, No. H-04-3898, 2006 WL 2247326, at *2 n.1 (S.D. Tex. Aug. 4, 2006) (Ellison, J.).

**11.** The billing records Quicken submitted in support of its motion reinforce the conclusion that the two claims are closely related. *See* ECF No. 29–1. Those records do not show

any time that Quicken's attorneys spent solely on the Texas Property Code claim. In fact, the few claim-specific designations refer to the RESPA claim only. For example, $665.55 are allocated to time spent in preparation for "oral argument on the motion to dismiss, including review of briefing and analysis of case law governing actual damages for RESPA claims and statutory/regulatory text." Moreover, at least $1,930.60 in attorney's fees are allocated to tasks related to Quicken's removal of the case to federal court, which was obtained on the basis of federal question jurisdiction over the RESPA claim. One entry refers to time spent "analyz[ing] removal options for [the] RESPA claim." This suggests that it would be difficult to segregate fees attributable to the RESPA claim from those attributable to the state law claim. *See Bumper Man, Inc. v. Smit*, No. 3:15-CV-02434-BF, 2017 WL 78508, at *4 (N.D. Tex. Jan. 5, 2017)

ney's fees, even for the state law claims alone, "could have a chilling effect on [RESPA] litigants, which the Court seeks to avoid." *See Miller v. City of Plymouth*, No. 2:09-CV-205 JVB, 2013 WL 5461095, at *1 (N.D. Ind. Sept. 30, 2013) (refusing to award attorney's fees to defendants who prevailed against plaintiffs' federal civil rights claims and related state law claims; even allowing defendants to recover fees "only for defending the state portion of [p]laintiffs' claims . . . could have a chilling effect on civil rights litigants" because the "claims were closely intertwined"); *Ramsay v. Broward Cty. Sheriff's Office*, No. 05-61959-CIV, 2008 WL 3851648, at *2 (S.D. Fla. Aug. 14, 2008) (holding, in *pro se* employment discrimination case, that "allow[ing] a plaintiff's claim to go forward with the spectre of fee awards looming if plaintiff does not succeed on the merits . . . would chill future plaintiffs from bringing civil rights actions and utterly destroy the public policy reasons for allowing victorious plaintiffs to recover attorney's fees in the first instance").

Courts have based denials of contractual attorney's fees on other equitable considerations as well. For example, in *Cruz v. Wachovia Mortgage*, 775 F.Supp.2d 1188 (C.D. Cal. 2011), the court denied a defendant bank's motion that sought to recover attorney's fees from a pair of borrowers who had unsuccessfully sued the bank to stop "the foreclosure and resale of their home and to challenge allegedly unfair business practices that caused them to take out a payment-option, adjustable-rate home mortgage loan." *Id.* at 1189. After quoting the attorney's fee provisions from the promissory note and deed of trust, the court made the following observations:

Should Wells Fargo be awarded attorneys' fees under these boilerplate clauses? Certainly not. The Court is not obligated to award such fees blindly. Federal courts have the discretion to deny contractually-authorized attorneys' fees if an award of fees would be inequitable and unreasonable. In fact, a court *abuses its discretion* if it awards contractually-authorized attorney's fees under circumstances that make the award inequitable or unreasonable.

Here, to permit Wells Fargo to recover its attorneys fees would be both inequitable *and* unreasonable. Mr. and Mrs. Cruz are like thousands of other hapless plaintiffs. They relied on an evidently outgunned sole practitioner to stave off disaster, but the claims their lawyer asserted had fatal technical flaws. Yet [p]laintiffs' underlying allegations of lender abuse and non-disclosures have never been disproved. Indeed, Wells Fargo has not claimed that their lawsuit was frivolous. Moreover, it never even attempted to show that the Cruzes were actually aware of the attorneys' fees provisions in the Adjustable Rate Mortgage Note and Deed of Trust. These fee-shifting recitals are fine print, boilerplate clauses in complicated legal instruments that, from a practical point of view, are tantamount to contracts of adhesion. How many consumers read such fine print? How many understand it?

Plaintiffs are already facing the loss of their home. To saddle them with nearly $20,000 in attorneys' fees sought by a giant financial institution merely because they had the temerity to file a lawsuit would be worse than inequitable

(award of attorney's fees would be inequitable, in part because "it would very difficult (if not impossible) to segregate the fees... [between] claims that are recoverable versus those that are unrecoverable"). Even if some portion of the fees could be specifically allocated to the state-law claim, the Court would still find an award of those fees inequitable in light of § 2605(f)'s text and RESPA's remedial purpose.

and unreasonable; it would be a travesty.

*Id.* at 1190–91 (internal quotation marks, citations, and ellipsis omitted); *see also Bumper Man*, 2017 WL 78508, at *4 (awarding fees would be "inequitable here because of the financial statuses of the parties"); *Miller v. Ocwen Loan Servicing, LLC*, No. 4:13-CV-749, 2015 WL 3899574, at *2 (E.D. Tex. June 23, 2015) ("Defendants are correct that the Court could award attorneys' fees in this case, but in exercise of the Court's discretion, the motion is denied because the Court finds that such an award would be inequitable and unreasonable.... Although the Court finds no remedy for Plaintiff in this case, the Court does not agree that Defendants were completely innocent in the events that occurred in this case."); *Theros v. First Am. Title Ins. Co.*, No. C10-2021-JCC, 2011 WL 13137105, at *1–2 (W.D. Wash. May 5, 2011) (relying on *Cruz* to deny contractually-authorized attorney's fees as inequitable under a deed of trust provision).

These observations are pertinent to the present case. There is no contention that Plaintiffs' suit was frivolous or that Plaintiffs were actually aware of the attorney's fees provisions when they signed the note and deed of trust. Given the widespread nature of these provisions, moreover, Plaintiffs had essentially no choice save to accept them as part of their loan or forego a home purchase entirely. *See In re Woodham*, 174 B.R. 346, 349 (Bankr. M.D. Fla. 1994) ("[A] mortgage can be termed an adhesion contract, since it is generally not bargained for; rather it is imposed on the mortgagor on a take it or leave it basis by the mortgagee.... [B]y its very nature, an adhesion contract cannot meet ... the requirements of [a provision of the Bankruptcy Code] ... that provisions for attorneys fees be bargained for by the parties.").

Because an award of attorney's fees and expenses would be inequitable, Quicken is foreclosed from recovering attorney's fees and expenses in this case.

It light of this conclusion, it is unnecessary to examine the reasonableness of the amount of fees Quicken requests. Likewise, the Court does not reach Plaintiffs' argument that Quicken cannot recover its requested expenses under Rule 54(d) because they are not listed as taxable costs under 28 U.S.C. § 1920.

## IV. CONCLUSION

The Court **RECOMMENDS** that Quicken's motion for attorney's fees and expenses be **DENIED**. The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to file timely objections may preclude appellate review of factual findings or legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on June 5, 2017, at Houston, Texas.