Emric NOWAK and Wife Thelma Nowak, Appellants,

v.

DAS INVESTMENT CORPORATION a/k/a DAS Investment Corp., Ilaben M. Patel, individually and as Heir to the Estate of Manubhai G. Patel, Deceased, and Kailash Patel, Appellees.

No. 14–02–01123–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 3, 2003.

---

Matthew Thomas Hagan and Matthew W. Childs, Houston, for appellants.

Charles Coussons and Pamela E. George, Houston, for appellees.

Panel consists of Chief Justice BRISTER, Justices WANDA McKEE FOWLER and EDELMAN.

## OPINION

WANDA McKEE FOWLER, Justice.

This is an appeal from the grant of a no-evidence summary judgment in a suit on a promissory note. Appellants, Emric and Thelma Nowak, sued DAS Investment Corporation and Ilaben M. Patel, Individu-

ally and as Heir to the Estate of Manubhai G. Patel, to recover on a promissory note executed by Manubhai Patel for DAS Investment Corporation.[1] In the summary judgment motion, DAS pleaded that the Nowaks failed to show an exception to the four-year statute of limitations. Summary judgment was granted, and the Nowaks appealed. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 11, 1990, the Nowaks sold their house to DAS Investment Corporation, a partnership owned by Ilaben Patel. In exchange for the house, Manubhai Patel, Ilaben's husband, executed a $30,000 note and a deed of trust on behalf of DAS Investment Corporation. The note is a demand note executed September 12, 1990, and "due within 30 days of written demand by Payee." The Nowaks remained in possession of the house until September, 1997, and first demanded payment in January, 2000. On August 30, 2001, the Nowaks filed suit for default on the note, and alternatively sought judicial foreclosure under the deed of trust.

DAS filed a no-evidence summary judgment motion claiming the Nowaks could not show an exception to the four-year statute of limitations barring any claim on the note four years after the date of the note's execution. In response, the Nowaks argued their cause of action began to accrue from the date of demand rather than the date of execution. They submitted affidavit evidence of an oral agreement that they could not demand payment until they vacated the house. DAS objected to the admissibility of the affidavit evidence, but failed to obtain a ruling on its objection and thereby waived any possible error. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 n. 7 (Tex.1993);

*Green v. Indus. Specialty Contractors, Inc.*, 1 S.W.3d 126, 130 (Tex.App.-Houston [1st Dist.] 1999, no pet.). The trial court granted summary judgment.

■ On appeal, the Nowaks argue—in passing—that DAS's no-evidence motion raised an affirmative defense and that DAS failed to meet its burden of proof. We agree. Because a party may never properly move for no-evidence summary judgment to prevail on its own claim or affirmative defense for which it has the burden of proof, we reverse and remand.

## STANDARD OF REVIEW

■ No-evidence summary judgments are governed by Rule 166a(i). *See* Tex.R. Civ. P. 166a(i). After an adequate time for discovery has passed, a party without the burden of proof can move for no-evidence summary judgment on the ground that the non-movant has no evidence of one or more essential elements of its claim or defense. *Id.* The movant need not present summary judgment evidence, but the motion must specifically state the element or elements for which there is no evidence. *Welch v. Coca–Cola Enters., Inc.*, 36 S.W.3d 532, 537 (Tex.App.-Tyler 2000, pet. withdrawn). When reviewing the grant of a no-evidence summary judgment, we review the evidence in a light most favorable to the non-movant and disregard all contrary evidence and inferences. *Lampasas v. Spring Center, Inc.* 988 S.W.2d 428, 432 (Tex.App.-Houston [14th Dist.] 1999, no pet.).

■ A no-evidence motion for summary judgment shifts the burden of proof to the non-movant to raise a genuine issue of material fact. *Lampasas*, 988 S.W.2d at 432. The non-movant need not marshal its proof, but only need show some evidence—

---

1. Unless otherwise noted, the appellees collectively are referred to as "DAS."

more than a scintilla—that a fact issue exists. *See id.; see also* TEX.R. CIV. P. 166a(i) cmt.1997. Unless the non-movant raises a genuine issue of material fact, the court must grant the summary judgment. TEX.R. CIV. P. 166a(i).

However, there is at least one occasion when the non-movant need not respond to the no-evidence motion[2] because the motion should not have been filed at all. That is when the movant files a no-evidence summary judgment on claims or affirmative defenses for which it has the burden of proof. *Barraza v. Eureka Co.*, 25 S.W.3d 225, 231 (Tex.App.-El Paso 2000, pet. denied). That is the problem with this no-evidence motion. *See* The Honorable Judge David Hittner & Lynne Liberato, *Summary Judgments in Texas*, 54 BAYLOR L.REV. 1, 62 (2002) (stating that "[a] party may never properly urge a no-evidence summary judgment on the claims or defenses on which it has the burden of proof").

### DISCUSSION

■ DAS did not file a no-evidence motion on the Nowak's suit on a note. Instead, they filed on their own "claim," the affirmative defense of statute of limitations. As a result, DAS's motion failed to state that the Nowaks could show no evidence of a specific element of their cause of action on the note—which Rule 166a(i) requires. TEX.R. CIV. P. 166a(i). Rather, the no-evidence motion asserted that the Nowaks could not show an exception to the four-year statute of limitations—one of the elements of DAS's cause of action, not an element of the Nowak's cause of action. This technical failure to comply with the literal wording of the no-evidence rule— that the motion must state the non-movant

has no evidence to support its cause of action—requires that we reverse this case; but a fundamental reason exists for the underlying rule. The reason for the rule is this: if a party were able to file a no-evidence motion on their own cause of action, it would be tantamount to allowing them to prevail without ever proving the elements of their cause of action. A defendant filing on an affirmative defense is no different. We explain below.

■ A defendant urging summary judgment on an affirmative defense is in the same position as a plaintiff urging summary judgment on a claim. Hittner & Liberato, *supra*, at 58. *Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994). This is because an affirmative defense is "an independent reason why the plaintiff should not recover," not an element of the plaintiff's cause of action. *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 212 (Tex.1996) (citation omitted). The party asserting an affirmative defense has the burden of pleading and proving it. TEX.R. CIV. P. 94. Only when a party conclusively proves every element of its affirmative defense is it entitled to summary judgment. TEX.R. CIV. P. 166(a); *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). Thus, a defendant urging summary judgment on an affirmative defense must come forward with summary judgment evidence for each element of the defense. Hittner & Liberato at 58; *Allen*, 887 S.W.2d at 830.

If we were to allow DAS to prevail on this no-evidence motion, it would be the same as allowing a movant to prevail on a traditional motion for summary judgment without proving its claim/affirmative defense as a matter of law. Clearly, under the motion must be denied.

**2.** Although, certainly, the wisest and safest thing to do is to respond and point out why

summary judgment law, we cannot do that. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). Likewise, we cannot allow DAS to prevail on its motion.

In short, DAS never proved its affirmative defense. Consequently, it cannot prevail on their summary judgment motion, whether it was styled as a traditional, or a no-evidence motion. The judgment of the trial court is reversed and we remand the case to the trial court.