Opinion issued August 3, 2006



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00762-CV




TRUST INVESTMENT GROUP MORTGAGE DIVISION, INC., Appellant

V.

ALIEF INDEPENDENT SCHOOL DISTRICT; FIRST CAPITAL
INTEREST, L.L.C.; TRUST INVESTMENT GROUP, S.A.; ANGELES
GONZALEZ, Appellees




On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2003-06046




MEMORANDUM OPINION ON REHEARING
          We issued our opinion in this cause on January 12, 2006. Appellant has moved
for rehearing. We deny appellant’s rehearing motion. However, we withdraw our
opinion and judgment dated January 12, 2006 and issue this opinion and judgment
in their place. Our ultimate disposition of the trial court’s judgment remains
unchanged. 
          This is an appeal from a summary judgment rendered in favor of appellees,
Alief Independent School District (“Alief”), First Capital Interest, L.L.C. (“First
Capital”), Trust Investment Group, S.A. (“Trust S.A.”) and Angeles Gonzalez. 
Appellants, Trust Investment Group Mortgage Division, Inc. (“Trust Mortgage”),
filed a trespass to try title action asserting ownership to a piece of property sold as the
result of a previous tax foreclosure suit.


 Trust S.A. filed a no-evidence motion for
summary judgment, and Gonzalez filed a traditional motion for summary judgment. 
Each asserted that Trust Mortgage was collaterally estopped from relitigating the
ownership of the property and that the statute of limitations bars Trust Mortgage from
challenging the validity of the tax sale. The trial court granted both summary
judgment motions. We affirm.
PREVIOUS TAX FORECLOSURE SUIT
          On April 18, 1998, Sam Hoang Nguyen sold and conveyed by warranty deed
to “Trust Investment Group, Inc.” property located on Rolke Road in Harris County,
Texas (“Rolke Road property”). In February 2001, Alief and other taxing authorities
brought suit to recover delinquent taxes levied against the Rolke Road property. 
Alief served process on Trust S.A., a foreign corporation. Trust S.A. defaulted, and
the trial court entered a default judgment directing foreclosure of the property to pay
the delinquent taxes. At the foreclosure sale, First Capital purchased the property for
$35,000.00, and the deed was executed and filed of record on November 29, 2001. 
After the delinquent taxes were paid, the excess sale proceeds were placed in the
registry of the court.
          In May 2002, Trust S.A. exercised its redemption rights and redeemed the
property from First Capital. Having exercised its right of redemption, Trust S.A. filed
a motion in September 2002 to recover the excess sale proceeds from the foreclosure
sale. Before the trial court ruled on this motion, Trust S.A. sold the Rolke Road
property to appellee Angeles Gonzalez on November 10, 2002. On November 15,
2002, counsel for Trust Mortgage filed a notice of rehearing to determine the
entitlement to the excess sale proceeds, and on June 25, 2003, the trial court
determined the excess sale proceeds should be distributed to Trust S.A. 
TRESPASS TO TRY TITLE SUIT
          Before the trial court in the tax foreclosure suit ordered the proceeds to be paid
to Trust S.A., Trust Mortgage filed this trespass to title action on February 5, 2003,
in the same court with a different cause number. In 2004, after the trial court in the
tax foreclosure suit ordered the proceeds to be paid to Trust S.A., Trust S.A. and
Gonzalez filed their motions for summary judgment asserting that Trust Mortgage is
estopped from relitigating the issue of ownership of the property and that Trust
Mortgage is barred by the statute of limitations found within Section 33.54 of the Tax
Code. In June 2004, the trial court signed an order granting each motion. 
          On appeal, Trust Mortgage claims ownership of the Rolke Road property. 
Trust Mortgage contends that Nguyen incorrectly inserted “Trust Investment Group,
Inc.” as the grantee of the 1998 warranty deed instead of “Trust Investment Group
Mortgage Division, Inc.” Trust Mortgage asserts that, because it is the true owner
and was not served with process, the constable’s deed from the tax foreclosure suit
is void.


 It also asserts that the statute of limitations does not apply in this case, and
that the trial court erred in striking Trust Mortgage’s summary judgment evidence. 
Trust Mortgage, however, does not address Trust S.A.’s and Gonzalez’s collateral
estoppel argument.
SUMMARY JUDGMENT
          When there are multiple grounds for summary judgment, and the order does not
specify the ground on which the summary judgment was rendered, the appealing party
must negate all grounds on appeal. Ellis v. Precision Engine Rebuilders, Inc., 68
S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing State Farm
Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 381 (Tex. 1993)). If summary judgment
may have been rendered, properly or improperly, on a ground not challenged on
appeal, the judgment must be affirmed. Id.
Gonzalez’s Motion for Summary Judgment
          Gonzalez filed a traditional motion for summary judgment and raised collateral
estoppel as one ground for summary judgment. The trial court’s order did not specify
the particular grounds on which the summary judgment was rendered; thus, Trust
Mortgage must defeat all grounds asserted in Gonzalez’s motion. See id. On appeal,
Trust Mortgage has not challenged all summary judgment grounds, specifically
collateral estoppel. Nor has Trust Mortgage asserted a general point of error that the
trial court erred in rendering summary judgment against it. See Malooly Bros., Inc.
v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). The trial court may have granted
summary judgment on collateral estoppel grounds, and Trust Mortgage did not
challenge those grounds on appeal. We affirm the trial court’s summary judgment
granted in favor of Gonzalez. See Ellis, 68 S.W.3d at 898; Bynum v. Prudential
Residential Servs., Ltd. P’ship, 129 S.W.3d 781, 795 (Tex. App.—Houston [1st Dist.]
2004, pet. denied).
Trust S.A.’s Motion for Summary Judgment
          Trust S.A. filed a no-evidence motion for summary judgment and raised
collateral estoppel as a summary judgment ground. Collateral estoppel is an
affirmative defense, and parties may not seek a no-evidence summary judgment based 
on an affirmative defense. Tex. R. Civ. P. 94; Adams v. First Nat’l Bank, 154 S.W.3d
859, 876 (Tex. App.—Dallas 2005, no pet.) (citing Nowak v. DAS Inv. Corp., 110
S.W.3d 677, 680 (Tex. App.—Houston [14th Dist.] 2003, no pet.)). On appeal, Trust
Mortgage does not challenge all summary judgment grounds, specifically collateral
estoppel. Nor does Trust Mortgage complain generally that the trial court erred in
granting the summary judgment. See Malooly Bros., Inc., 461 S.W.2d at 121. 
Because the trial court may have improperly granted Trust S.A.’s no-evidence motion
on collateral estoppel grounds and Trust Mortgage does not challenge those grounds,
we affirm the trial court’s granting of Trust S.A.’s no-evidence summary judgment. 
See Ellis, 68 S.W.3d at 898; Bynum, 129 S.W.3d at 795. 
CONCLUSION
          Accordingly, we affirm the summary judgments granted in favor of Trust S.A.
and Gonzalez.
 
                                                             Sherry Radack
                                                             Chief Justice
Panel consists of Chief Justice Radack and Justices Alcala and Bland.