Reversed and Remanded and Memorandum Opinion filed
August 25, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00090-CV

____________

 

VERNON MARSHALL D/B/A MARSHALL
MOTOR SPORTS,
Appellant

 

V.

 

JERRY RIPKOWSKI, Appellee

 



 

On Appeal from the County
Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 885211

 



 

M E M O R A N D U M  O P I N I O N

Vernon Marshall d/b/a Marshall Motor
Sports appeals the trial court=s summary judgment in favor of appellee
Jerry Ripkowski. We reverse and remand.  I








Jerry Ripkowski voluntarily delivered a
2002 Suzuki motorcycle to Vernon Marshall for repair and painting.  Ripkowski
paid a portion of what was owed for services rendered.  According to Ripkowski=s affidavit, when
he went to the shop to retrieve the motorcycle, he noted poor workmanship and
told Marshall to rectify the situation if he wanted to receive full payment. 
When he did not hear from Marshall, Ripkowski sent his son to retrieve the
motorcycle and discovered that Marshall had sold it for $4,500.

Marshall=s version of
events is different.  In his affidavit, Marshall states that Ripkowski did not
have the money to pay the balance due.  Marshall notified Ripkowski that the
motorcycle was ready in April and then again in May.  According to Marshall, on
May 23, 2006, Ripkowski said he did not have the money.  Marshall claims he
agreed to let Ripkowski make partial payments, but then never heard from him
again.  On June 6, 2006, Marshall received a call from Ripkowski=s insurance agent,
and he told her about the dispute.  After that, Ripkowski would not return
Marshall=s phone calls. 
Marshall then filed a mechanic=s lien and, after receiving no response
from either Ripkowski or the title holder, he initiated foreclosure
proceedings.  Marshall states that he parked the motorcycle in front of his
shop in an attempt to sell it, but did not find a buyer.  He then purchased it
himself and made some alterations.  A few months later, Marshall sold the
motorcycle.  

Ripkowski sued Marshall for conversion,
fraud, infliction of emotional distress, and violations of the DTPA, the Texas
Property Code, and the Business & Commerce Code.  Ripkowski filed a hybrid
no-evidence and traditional motion for summary judgment on his conversion
claim, alleging Marshall could not present evidence that he complied with
section 70.006 of the Texas Property Code and also requesting damages and
attorney=s fees.  Marshall
responded that he complied with the Property Code=s requirements and
attached several exhibits and his affidavit in response.  The trial court
granted the motion for summary judgment and awarded actual damages, pre- and
post-judgment interest, and attorney=s fees.  Marshall
filed a motion for new trial, which was overruled by operation of law. 

II








In a no-evidence summary-judgment motion,
the movant contends that there is no evidence of one or more essential elements
of the claims for which the non-movant would bear the burden of proof at
trial.  See Hamilton v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008); Mendoza
v. Fiesta Mart, 276 S.W.3d 653, 655 (Tex. App.CHouston [14th
Dist.] 2008, pet. denied).  The trial court must grant the motion unless the
respondent produces summary-judgment evidence raising a genuine issue of
material fact as to the challenged elements.  Tex. R. Civ. P. 166a(i).  By
comparison, a traditional summary-judgment movant bears the burden to show that
there is no genuine issue of material fact and that it is entitled to judgment
as a matter of law.  See Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  In reviewing either a
no-evidence or traditional summary-judgment motion, we must take as true all
evidence favorable to the non-movant and draw every reasonable inference and
resolve all doubts in favor of the non-movant.  Ford Motor Co. v. Ridgway,
135 S.W.3d 598, 601 (Tex. 2004); Mendoza, 276 S.W.3d at 655.  When, as
here, a party files a combination traditional and no-evidence motion for
summary judgment, we first review the trial court=s judgment under
the more stringent Ano-evidence@ standard of Rule
166a(i).  See Ford Motor Co., 135 S.W.3d at 600.  

III

In his issue on appeal, Marshall contends
Ripkowski did not meet his summary-judgment burden because Ripkowski failed to
conclusively establish each element of his conversion claim.  Specifically,
Marshall asserts that Ripkowski did not state the elements of his conversion
claim in his motion, but relied exclusively on his contention that Marshall
presented no evidence that it complied with requisite property-code
provisions.  Marshall contends Ripkowski=s no-evidence
motion impermissibly shifts the summary-judgment burden.  We agree.   








In Ripkowski=s motion for
summary judgment, he asserts that Marshall is liable to him for conversion
because Marshall failed to comply with statutory prerequisites to obtain title
to Ripkowski=s motorcycle.  Ripkowski did not address the elements
of his conversion claim or provide any evidence to support his conversion
claim.  Instead, Ripkowski identified certain provisions of Texas Property Code
section 70.006 on which he contends Marshall could not produce proof of
compliance.  

This portion of Ripkowski=s motion is
plainly a no-evidence motion for summary judgment.  But Texas Rule of Civil
Procedure 166a(i) permits a party to move for summary judgment only Aon the ground that
there is no evidence of one or more essential elements of a claim or defense on
which an adverse party would have the burden of proof at trial.@  Tex. R. Civ. P.
166a(i) (emphasis added).  Ripkowski, as the plaintiff, had the burden of proof
on his conversion claim.  Consequently, he was not entitled to a no-evidence
summary judgment on that claim.  See Nowak v. DAS Inv. Corp., 110 S.W.3d
677, 680 (Tex. App.CHouston [14th Dist.] 2003, no pet.)
(explaining that Aa party may never properly move for
no-evidence summary judgment to prevail on its own claim or affirmative defense
for which it has the burden of proof@).  As this court
explained in Nowak, if a party were able to file a no-evidence motion on
its own cause of action, it would be tantamount to allowing the party to
prevail without ever proving the elements of the claim.  Nowak, 110 S.W.3d
at 680.  Such a result is not permitted.  Id. at 680B81.[1]









Because Ripkowski did not meet the summary-judgment burden on his
conversion claim, we sustain Marshall=s issue.  See id. at 680B81; see also Reyes v. Saenz,
269 S.W.3d 675, 676B77 (Tex. App.CSan Antonio 2008, no pet.)
(plaintiff not entitled to no-evidence summary judgment on its own claims); Kelly
v. Brown, 260 S.W.3d 212, 217B18 (Tex. App.CDallas 2008, pet. denied) (appellees not entitled to
no-evidence summary judgment on their own affirmative defense).

 

* * *

 

We reverse the trial court=s judgment and
remand this case for further proceedings consistent with this opinion.

 

 

 

 

 

/s/      Jeffrey
V. Brown

Justice

 

 

 

 

 

Panel consists of Justices Seymore, Brown and Sullivan.









[1]  In his appellee=s
brief, Ripkowski contends that several of Marshall=s appellate arguments were not raised in the trial
court and so should not be considered on appeal.  But this rule does not apply
to Marshall=s argument on appeal that Ripkowski=s no-evidence motion is improper.  As Nowak
instructs, although it is preferable for the non-movant to provide a response
explaining why the trial court should deny the motion, no response is required
because Athe motion should not have been filed at all.@  See Nowak, 110 S.W.3d at 680 & n.2.  It
is sufficient that Marshall raised the issue on appeal.  See id. at 679.