

## NUMBER 13-17-00022-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

KRISTINE ZAMBRANO, IN HER
INDIVIDUAL AND OFFICIAL
CAPACITIES,                                                          Appellant,

v.

AARON MALONE,                                                       Appellee.

On appeal from the 36th District Court
of Bee County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Hinojosa**

Appellant Kristine Zambrano brings this interlocutory appeal from the trial court's

denial of her plea to the jurisdiction, in which she sought dismissal of claims filed by

appellee Aaron Malone.  By two issues, Zambrano argues (1) she is protected in her

official capacity by sovereign immunity from Malone's state law claims and (2) she is protected by qualified immunity from Malone's federal constitutional claims.[1]  We affirm in part and reverse and render in part.

## I.  BACKGROUND[2]

Malone is an inmate at the William G. McConnell Unit, a corrections facility located in Bee County, Texas, operated by the Texas Department of Criminal Justice–Institutional Division (TDCJ-ID).  Malone filed suit against the TDCJ-ID and multiple employees, including Zambrano, who is a corrections officer at the facility.[3]  Malone alleged that Zambrano ordered the prison's medical provider to draw his blood after Malone requested medical treatment.  However, Malone refused to submit to the procedure.  As a result, he alleges Zambrano ordered another officer to "tear up" his cell.  When Malone returned to his cell, he saw two corrections officers exiting with a "big red chain bag."  Zambrano then arrived and told Malone, "This is what happens when you waste my time."  Malone alleged that the officers confiscated legal material, a back brace, and prescribed medication.  He also alleged that Zambrano ordered him not to attend a medical appointment later that day and not to seek further medical treatment "for the same issue."

Malone sued Zambrano for theft and conversion.  Malone also alleged federal constitutional claims, including violations of his due process rights, the Takings Clause,

---

[1] Malone did not file an appellee's brief.

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

[3] Malone's live pleading consists of an original petition and two supplemental petitions.  *See* TEX. R. CIV. P. 80.  The remaining defendants are not parties to this appeal.

the Eighth Amendment's prohibition against cruel and unusual punishment, and his right of access to the courts. The trial court denied Zambrano's plea to the jurisdiction in its entirety.[4] This interlocutory appeal followed.[5]

## II. STATE LAW CLAIMS

By her first issue, Zambrano alleges she was protected by sovereign immunity against Malone's state law claims.

### A. Applicable Law and Standard of Review

The doctrine of sovereign immunity provides that "no state can be sued in her own courts without her consent, and then only in the manner indicated by that consent." *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex. 2006) (citing *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847)). Sovereign immunity deprives a trial court of jurisdiction over lawsuits in which the state or certain governmental units have been sued, unless the state consents to suit. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). When a state official files a plea to the jurisdiction, the official is invoking the sovereign immunity from suit held by the government itself. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007).

The plaintiff has the initial burden to plead facts affirmatively showing that the trial

---

[4] In addition to raising immunity arguments, Zambrano's motion in the trial court also sought dismissal of Malone's claims pursuant to chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (West, Westlaw through 2017 1st C.S.). However, Zambrano only appeals on the basis of her immunity arguments. For convenience, we therefore refer to Zambrano's motion as a plea to the jurisdiction.

[5] We have jurisdiction over this interlocutory appeal pursuant to section 51.014 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5), (8) (West, Westlaw through 2017 1st C.S.); *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301 (Tex. 2011) (holding that an interlocutory appeal may be taken from orders denying a governmental employee's assertion of immunity regardless of the procedural vehicle used).

court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Therefore, a governmental unit is entitled to immunity unless the plaintiff pleads facts invoking a waiver of immunity. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228. "Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo." *Id.* at 226.

## B. Analysis

Zambrano argues that the "[d]enial of Zambrano's Plea was improper due to Malone's failure to identify a waiver of Zambrano's sovereign immunity from suit" for those claims brought under state law. Because government officials sued in their individual capacity[6] are not entitled to rely on the State's sovereign immunity, we construe Zambrano's issue as addressing her right to dismissal in her official capacity.[7] *See Cloud v. McKinney*, 228 S.W.3d 326, 333 (Tex. App.—Austin 2007, no pet.) ("Individuals sued in their individual capacity . . . may not rely on the defense of sovereign immunity[.]").

---

[6] Zambrano maintains on appeal that she was sued in both her individual and official capacities.

[7] In her brief, Zambrano refers to 101.106 of the civil practice and remedies code, but she provides no argument or authority for its application to Malone's claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (West, Westlaw through 2017 1st C.S.). To the extent Zambrano's brief can be construed as raising an issue concerning the statute's application, we conclude the issue is waived as inadequately briefed. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

4

A suit against government employees in their official capacities is, in all respects, a suit against the governmental entity; thus, employees sued in their official capacities are shielded by sovereign immunity or governmental immunity.[8] *See Franka v. Velasquez*, 332 S.W.3d 367, 382–83 (Tex. 2011) ("[A]n employee sued in his official capacity has the same governmental immunity, derivatively, as his government employer."). Malone sued Zambrano for the intentional torts of theft and conversion. The Texas Tort Claims Act waives sovereign immunity for certain tort claims brought against governmental units. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, .022, .025 (West, Westlaw through 2017 1st C.S.). However, this limited waiver of immunity does not apply to intentional torts. *See id.* § 101.057 (West, Westlaw through 2017 1st C.S.); *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014); *Donohue v. Butts*, 516 S.W.3d 578, 581 (Tex. App.—San Antonio 2017, no pet.). Malone's pleadings do not demonstrate a waiver of sovereign immunity for claims against Zambrano in her official capacity. *See Garcia*, 372 S.W.3d at 636. Therefore, the trial court erred in denying Zambrano's plea to the jurisdiction as to Malone's state law claims against Zambrano in her official capacity. We sustain Zambrano's first issue.

### III. FEDERAL CLAIMS

By her second issue, Zambrano argues she is entitled to "qualified immunity from federal claims brought against her in her individual capacity."

---

[8] While not applicable here, we note that there exists an ultra vires exception to sovereign immunity for suits against government officials in their official capacity. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372–73 (Tex. 2009). This exception applies only to actions seeking to bring a government official's future acts into compliance with the law. *Id.* at 376. Relief for an ultra vires claim is limited to prospective declaratory or injunctive relief, but the claim cannot be used to obtain monetary relief for past damages. *Id.* at 374–76. Malone, who did not plead an ultra vires claim, seeks only monetary relief for past damages with respect to his state law claims against Zambrano in her official capacity.

Malone sued Zambrano for violations of federal law pursuant to section 1983, title 42 of the United States Code. *See* 42 U.S.C.A. § 1983 (West, Westlaw through P.L. 115-90). Section 1983 imposes liability for violations of rights protected by the United States Constitution. *Leo v. Trevino*, 285 S.W.3d 470, 479 (Tex. App.—Corpus Christi 2006, no pet.). Qualified immunity is an affirmative defense available to government officials sued in their individual capacities under section 1983. *Bexar Cty. v. Giroux-Daniel*, 956 S.W.2d 692, 694 (Tex. App.—San Antonio 1997, no pet.). It protects governmental officers with discretionary authority from liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 428 (Tex. 2004). Qualified immunity is a uniquely federal doctrine that "bears some resemblance to the Texas common-law defense of official immunity[.]" *Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 128 (Tex. 2015).

Like other affirmative defenses, qualified immunity "must be pled and proved by the party asserting it." *Id.*; *see Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). Generally, when claims based on federal substantive law are raised in state court, state law and rules govern the manner in which the federal claims are tried and proved. *Johnson v. Nacogdoches Cty. Hosp. Dist.*, 109 S.W.3d 532, 536 (Tex. App.—Tyler 2001, pet. denied). Under Texas law, an affirmative defense is an independent reason why a plaintiff should not recover. *Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 680 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Ordinarily, the party asserting an affirmative defense has the burden of both pleading and proving the defense.

6

*Id.*   Therefore, Zambrano was required to raise qualified immunity in a motion for summary judgment.   *See Martinez v. Val Verde Cty. Hosp. Dist.*, 110 S.W.3d 480, 485 (Tex. App.—San Antonio 2003) (noting affirmative defense must be raised in a motion for summary judgment not in a plea to the jurisdiction), *aff'd*, 140 S.W.3d 370 (Tex. 2004); *see also Adams v. Prine,* No. 04-16-00327-CV, 2017 WL 96119, at *3 (Tex. App.—San Antonio Jan. 11, 2017, no pet.) (mem. op.) (explaining that a government official is required to raise the defense of quasi-judicial immunity to individual-capacity section 1983 claims in a motion for summary judgment).   Zambrano did not file a motion for summary judgment asserting the defense of qualified immunity.   Therefore, she has not shown herself entitled to the defense.   Accordingly, the trial court did not err in denying her plea to the jurisdiction on this basis.   We overrule Zambrano's second issue.

## IV. CONCLUSION

We reverse in part the trial court's order denying Zambrano's plea to the jurisdiction and render judgment dismissing Malone's state law claims against Zambrano in her official capacity, which include claims for theft and conversion.   We affirm the remainder of the trial court's order.

LETICIA HINOJOSA
Justice

Delivered and filed the
25th day of January, 2018.

7