**Opinion issued July 12, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-21-00057-CV

———————————————

**PHH MORTGAGE CORPORATION, SUCCESSOR BY MERGER TO OCWEN LOAN SERVICING, LLC AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Appellants**

**V.**

**TIFFANY ASTON, AS TRUSTEE FOR THE POLO MEADOW TRUST, Appellee**

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-08327**

---

## MEMORANDUM OPINION

The appellants appeal the trial court's final judgment granting summary

judgment for Tiffany Aston, as trustee for the Polo Meadow Trust, and denying their

own summary-judgment motion. The appellants—PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, and Mortgage Electronic Registration Systems, Inc. (collectively, "Ocwen")—sought to foreclose on a mortgage lien that Aston claimed was void based on the four-year statute of limitations for real property liens. The trial court denied Ocwen's summary-judgment motion and rendered a final judgment for Aston that declared Ocwen's mortgage lien void and permanently enjoined Ocwen from foreclosing on the property. We reverse and render judgment in favor of Ocwen that Aston take nothing by her limitations-based claims.

## BACKGROUND

In 2005, Timothy and Sabrina Odom signed a deed of trust with an optional acceleration clause in favor of GMAC Mortgage Corporation to secure their mortgage loan for property located in Humble, Texas. Ocwen became the successor beneficiary and statutory mortgagee of the deed of trust; Ocwen was also the mortgage servicer for the loan.

The Odoms fell behind on their monthly payments. In April of 2014, Ocwen sent the Odoms a delinquency notice stating its intent to accelerate the loan; the delinquency notice explained that the Odoms were in default and must pay the past due amount within 35 days or Ocwen would exercise its right to accelerate the loan balance and foreclose. In that same year, Ocwen sent the Odoms several notices of

acceleration; each stated that the loan had been accelerated and the full balance of the loan was due.

On November 1, 2016, Ocwen sent another delinquency notice that stated Ocwen's intent to accelerate the loan and requested payment of less than the full balance of the loan to bring the loan current. The delinquency notice also stated that failure to bring the loan current could result in foreclosure. Ocwen sent the Odoms another acceleration notice about a month later on December 9, 2016. This acceleration notice stated that Ocwen "hereby rescinds all prior acceleration notices."

Ocwen scheduled a foreclosure sale in early 2017. Before the sale occurred, the Odoms filed suit seeking a temporary restraining order to enjoin the foreclosure sale, which the trial court granted. Aston, who acquired the property through a junior lien foreclosure sale, intervened in the lawsuit in 2019, and the Odoms nonsuited all of their claims. Aston sought a declaratory judgment that the statute of limitations barred Ocwen's ability to foreclose on the property; she also filed a claim to quiet title and void the mortgage lien on the property.

Both Aston and Ocwen moved for summary judgment. Aston claimed that, because Ocwen first accelerated the loan in 2014, the four-year statute of limitations to foreclose on the property had run, and she sought to declare the mortgage lien void on that basis. Ocwen moved for summary judgment on its affirmative defenses;

3

Ocwen argued that it conclusively proved both rescission and abandonment of its earlier accelerations, and therefore the statute of limitations had been reset in November 2016 as if Ocwen had not previously accelerated the loan. The trial court denied Ocwen's summary-judgment motion and granted Aston's, rendering a final judgment for Aston that declared the mortgage lien void and permanently enjoined Ocwen from foreclosing under the mortgage lien. Ocwen now appeals.

## DISCUSSION

Ocwen argues that it was entitled to a take-nothing judgment because it established the affirmative defenses of rescission and abandonment by conduct, which reset the statute of limitations. We agree.

### A. Standard of Review

On cross-motions for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Richardson v. Oncor Elec. Delivery Co. LLC*, 539 S.W.3d 252, 259 (Tex. 2018). When the trial court grants one motion and denies the other, the reviewing court must determine all questions presented and render the judgment that the trial court should have rendered. *Id.*

We review a trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A traditional summary-judgment motion requires the movant to show that no genuine issue of material fact

exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life*, 128 S.W.3d at 215–16. Once the movant meets its burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). The evidence raises a genuine issue of fact if reasonable and fair-minded factfinders could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

A defendant moving for summary judgment on an affirmative defense is in the same position as a plaintiff moving for summary judgment on a claim. *Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 680 (Tex. App.—Houston [14th Dist.] 2003, no pet.). A defendant asserting an affirmative defense has the burden of pleading and proving it. *See* TEX. R. CIV. P. 94. If a defendant moving for summary judgment establishes all the elements of an affirmative defense as a matter of law, the burden then shifts to the nonmovant to raise a genuine issue of material fact. *Valley Forge Motor Co. v. Sifuentes*, 595 S.W.3d 871, 877 (Tex. App.—El Paso 2020, no pet.). If the nonmovant fails to do so, the defendant will have conclusively established its affirmative defense and its right to summary judgment. *Id.*

## B. Statute of Limitations

Ocwen argues the trial court erred in granting summary judgment for Aston on the statute-of-limitations issue because Ocwen conclusively established the

affirmative defenses of rescission and abandonment by conduct. Neither party disputes that Ocwen first accelerated the loan in 2014 or that Aston met her initial summary-judgment burden to prove the statute of limitations barred Ocwen's foreclosure. Ocwen, however, argues that it established its affirmative defenses as a matter of law, which should have defeated Aston's summary-judgment motion and entitled Ocwen to a take-nothing summary judgment.

### 1. Applicable law

The Texas Civil Practice and Remedies Code establishes a four-year statute of limitations on real property liens. TEX. CIV. PRAC. & REM. CODE § 16.035. A lender must bring suit to foreclose on a real property lien "not later than four years after the day the cause of action accrues." *Id.* § 16.035(a). As a general rule, the accrual date is the maturity date of the loan, rather than the earlier date of the borrower's default. *See id.* § 16.035(e). But if the real property lien contains an optional acceleration clause, as the deed of trust does here, then the cause of action accrues when the lender exercises its option to accelerate the loan. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). After the four-year limitations period has run, the real property lien and power of sale to enforce it are void. TEX. CIV. PRAC. & REM. CODE § 16.035(d).

Once a lender has accelerated the loan, the lender can restore the original maturity date and reset the running of limitations by abandoning the acceleration.

6

*See Holy Cross*, 44 S.W.3d at 566–67. Abandonment is based on the concept of waiver, which requires the showing of three elements: (1) the party has an existing right; (2) the party has actual knowledge of the right; and (3) the party actually intends to relinquish the right or engages in intentional conduct inconsistent with the right. *See Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). Whether waiver has occurred is typically a question of fact, but it is a question of law when the facts relevant to a party's relinquishment of an existing right are undisputed. *Motor Vehicle Bd. of Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc.*, 1 S.W.3d 108, 111 (Tex. 1999) (per curiam).

The lender may abandon the acceleration by sending a written notice of rescission through certified mail in accordance with Section 16.038 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE § 16.038. In the absence of an express notice of rescission, a lender may also unilaterally abandon a previous acceleration by its conduct, for instance by sending a borrower a default notice that: (1) demands payment of only past due amounts and not the full accelerated balance; and (2) states that if the demanded amount is not paid, the loan will be accelerated. *Citibank N.A. as Tr. for NRZ Pass-Through Tr. VI v. Pechua, Inc.*, 624 S.W.3d 633, 641 (Tex. App.—Houston [14th Dist.] 2021, pet. denied); *NSL Prop. Holdings, LLC v. Nationstar Mortg., LLC*, No. 02-16-00397-CV, 2017 WL 3526354, at *2 (Tex. App.—Fort Worth Aug. 17, 2017, pet. denied) (mem. op.).

## 2. Analysis

Ocwen argues that it provided summary-judgment evidence to conclusively establish the affirmative defenses of both rescission and abandonment by conduct, and therefore the trial court erred in rendering summary judgment for Aston on her statute-of-limitations claim and should have rendered judgment in favor of Ocwen that Aston take nothing by her limitations-based claims. We agree.

### a. Rescission

Ocwen argues that it rescinded all prior accelerations of the debt with its written notice of rescission. On December 9, 2016, Ocwen sent the Odoms an acceleration notice through certified mail demanding immediate payment in full of the entire unpaid balance on the loan. The notice stated that Ocwen "hereby rescinds all prior acceleration notices." Thus, Ocwen has established that it rescinded its prior accelerations under Section 16.038 of the Civil Practice and Remedies Code and reset the statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.038 (when acceleration rescinded in accordance with statute, four-year statute of limitations governs "as if no acceleration had occurred").

Aston argues we should not consider this simultaneous rescission and re-acceleration to comply with Section 16.038 for several reasons, but none of these reasons sufficiently challenge Ocwen's effective rescission of the acceleration under Section 16.038 through unequivocal language in compliance with the statute.

8

First, Aston argues that Ocwen's acceleration notice did not comply with Section 16.038 because it was not a written notice of a rescission. The title of the document was "NOTICE OF ACCELERATION OF MATURITY," written in bold and capital letters, and the rescission language was buried in a paragraph closer to the bottom of the page. Thus, Aston claims, the document was not a written notice of rescission because it clearly stated that it was a notice of acceleration. However, Section 16.038 does not specify a particular heading or other language that must be used to make the rescission effective; the statute only provides that rescission is effective if "made by a written notice of a rescission" and served by first class or certified mail on each debtor. TEX. CIV. PRAC. & REM. CODE § 16.038(b), (c). Ocwen's notice complied with these requirements, and therefore it was an effective notice of rescission under Section 16.038.

Second, relying on cases like *Swoboda v. Ocwen Loan Servicing, LLC*, Aston argues that re-acceleration of an already accelerated loan is not evidence of abandonment. 579 S.W.3d 628, 636 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (concluding that later notice of acceleration was insufficient to prove abandonment of earlier notice of acceleration). *Swoboda*, however, and the other cases Aston cites for this principle, are easily distinguishable. In each case, the lender relied on only a later notice of acceleration to prove abandonment of an earlier acceleration; none of these cases involved a written notice of rescission as in this case. *See Swoboda*, 579

9

S.W.3d at 636; *PNC Bank Nat'l Ass'n v. Fisher*, No. 4:15-CV-01217, 2017 WL 2819893, at *3 (S.D. Tex. June 28, 2017); *Swoboda v. Ocwen Loan Servicing, LLC*, No. 4:13-CV-2986, 2015 WL 12778394, at *2 (S.D. Tex. Aug. 10, 2015).[1]

Third, Aston argues that Section 16.038 contemplates a period of time between a rescission and a re-acceleration of a loan, and so a notice that simultaneously rescinds prior accelerations and re-accelerates the loan, like Ocwen sent in this case, does not comply with the statute. Aston argues that Section 16.038 protects a lender's right, after a rescission, to re-accelerate "in the future," which suggests there must be some period of time between the two events. *See* TEX. CIV. PRAC. & REM. CODE § 16.038(d). We disagree with that reading of the statute. Section 16.038 is silent as to whether any time must pass between a rescission and a re-acceleration; we will not read in that requirement where it is not necessary. *See Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015) (per curiam) ("A court may not judicially amend a statute by adding words that are not contained in the language of the statute."). Aston argues the requirement is necessary because,

---

[1] In *Hollenshead v. Bank of America, N.A.*, another case Aston cites for this principle, the court agreed with the borrower that additional notices of acceleration were insufficient to show abandonment of earlier accelerations but concluded that an additional notice of acceleration, when combined with a reinstatement notice and the lender's acceptance of the regular monthly payment that was less than the full amount due, was sufficient proof of abandonment. No. 4:18-CV-00724-ALM-CAN, 2020 WL 4615096, at *14 (E.D. Tex. May 19, 2020), *report and recommendation adopted*, No. 4:18-CV-724, 2020 WL 3496335 (E.D. Tex. June 29, 2020).

without a period of time between rescission and re-acceleration, a lender could continuously rescind and re-accelerate and avoid the limitations period forever, which would be an absurd result. *See, e.g.*, *Broadway Nat'l Bank, Tr. of Mary Frances Evers Tr. v. Yates Energy Corp.*, 631 S.W.3d 16, 24 (Tex. 2021) (courts interpret statute according to its plain meaning unless different meaning is apparent from context or plain meaning leads to absurd or nonsensical results). But nothing in Section 16.038, no matter how it is interpreted, would allow a lender to foreclose on a lien later than four years after the maturity date of the loan in contravention of Section 16.035 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE § 16.035(a), (e) (establishing four-year statute of limitations, which begins to run on loan's maturity date, for foreclosing on real property lien). Thus, a simultaneous rescission and re-acceleration does not allow a lender to foreclose on a lien any later than the latest date already provided by statute and does not lead to an absurd result. Aston also argues that there must be a period of time between rescission and re-acceleration because no reasonable borrower would understand the simultaneous rescission and re-acceleration to be a rescission of prior accelerations when there was no time in which the loan was not accelerated. This argument discounts a reasonable borrower's understanding of the phrase, "[Ocwen] hereby rescinds all prior acceleration notices," and Aston's argument that a reasonable borrower would not understand this phrase to mean exactly what it says is

11

unavailing. Aston has not shown that Section 16.038 does not allow a simultaneous rescission and re-acceleration or that Ocwen's notice of rescission did not comply with Section 16.038.

Finally, Aston argues that reading Section 16.038 to allow for simultaneous rescission and re-acceleration is inconsistent with the legislative intent in enacting the statute—which was undoubtedly to assist borrowers by providing lenders a clear mechanism to rescind an acceleration and instead negotiate a payment plan—but we may not consider legislative intent unless a statute is ambiguous. *See, e.g.*, *Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 136 (Tex. 2018) ("[W]e do not consider legislative history or other extrinsic aides to interpret an unambiguous statute because the statute's plain language most reliably reveals the legislature's intent."). Aston has not shown that Section 16.038 is ambiguous; she only argues that we should not give effect to its plain meaning.

Ocwen provided summary-judgment proof that it rescinded its prior accelerations of the loan under Section 16.038, resetting the statute of limitations. Aston has not met her burden to demonstrate a genuine issue of material fact that would preclude summary judgment on this issue. *See Lujan*, 555 S.W.3d at 84; *Valley Forge Motor Co.*, 595 S.W.3d at 877.

12

### b. Abandonment by conduct

Ocwen also argues that it abandoned all prior accelerations through its conduct. Ocwen sent the Odoms a delinquency notice on November 1, 2016, that stated the Odoms could cure their delinquency by paying less than the full amount of the loan and warned that "[f]ailure to bring [the] loan current may result in fees and foreclosure – the loss of your home." This conduct, Ocwen argues, was inconsistent with its prior asserted right to demand immediate repayment in full and showed Ocwen's intent to abandon prior accelerations. Ocwen relies on caselaw holding that a lender may abandon an earlier acceleration by sending a notice seeking payment of less than the full balance of the loan, as long as the notice "unequivocally manifests an intent to abandon the prior acceleration." *Florey v. U.S. Bank Nat'l Ass'n, Tr. for RMAC Tr., Series 2016-CCT*, No. 05-20-00306-CV, 2021 WL 2525457, at *4 (Tex. App.—Dallas June 21, 2021, pet. denied) (mem. op.) (quoting *Ernst v. Ocwen Loan Servicing, LLC*, No. 1:18-CV-428-RP, 2019 WL 7761444, at *5 (W.D. Tex. Nov. 22, 2019)). "Language inconsistent with acceleration and a present right to foreclose can demonstrate the intent to abandon." *Id.*

Aston argues that the delinquency notice did not clearly and unequivocally express an intent to abandon prior accelerations because it was simply a reminder of the reinstatement amount, which was less than the full amount due and which the Odoms could have paid at any point to reinstate the loan after it had been accelerated.

13

Other courts, however, have found similar language to be an unequivocal manifestation of the intent to abandon a prior acceleration. In *Florey*, for example, the Dallas Court of Appeals concluded that a delinquency notice sent to the debtors after acceleration stating that the loan must be brought current by paying less than the full amount due, warning that failure to bring the loan current could result in foreclosure, and suggesting workout solutions like modifying the loan or receiving temporary forbearance of monthly payments—all without referencing the acceleration—was "entirely inconsistent with acceleration of the debt," and so the delinquency notice abandoned the prior acceleration of the debt. *Florey*, 2021 WL 2525457, at *1, *4–5. The court reasoned that "statements regarding a possible right to foreclose in the future, modifying loan terms, and forbearance of monthly payments are all inconsistent with acceleration and a then-present right to foreclose." *Id.* at *4.

Similarly, the delinquency notice Ocwen sent to the Odoms stated that the loan was delinquent and that "[f]ailure to bring [the] loan current may result in fees and foreclosure," indicating a possible right to foreclose in the future. The delinquency notice requested a payment that was less than the full accelerated balance due. Contrary to Aston's suggestion, the delinquency notice does in fact request payment; the notice states, "You must pay this amount to bring your loan current." The delinquency notice mentions financial counseling options and suggests

14

that the Odoms contact their home retention specialist to learn about options that may be available. The delinquency notice also directs the Odoms to contact Ocwen for the "current reinstatement amount or payoff amount," suggesting the payment requested in the notice was not the current reinstatement or payoff amount. Together these statements, and the lack of reference to acceleration or being in foreclosure, indicate an intent to abandon the prior accelerations. *See id.* at *1, *4–5.

Aston also argues that the deed of trust's anti-waiver provisions preclude Ocwen from abandoning or waiving its attempts to accelerate the loan. Section 9 of the deed of trust, entitled "No Waiver," states: "If circumstances occur that would permit [Ocwen] to require immediate payment in full, but [Ocwen] does not require such payments, [Ocwen] does not waive its rights with respect to subsequent events." Similarly, Section 11 states: "Any forbearance by [Ocwen] in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy."

Aston relies on *Hardy v. Wells Fargo Bank*, *N.A.* to argue that anti-waiver provisions preclude a lender from proving abandonment by conduct even when the lender accepts payments in less than the accelerated amount due. No. 01-12-00945-CV, 2014 WL 7473762, at *5 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, no pet.) (mem. op.). However, *Hardy* is distinguishable and does not stand for the proposition that anti-waiver provisions preclude abandonment of prior accelerations.

15

In *Hardy*, after acceleration, the lender and borrower entered into two subsequent partial reinstatement agreements that expressly stated in the event of default on these later agreements, the lender's acceptance of payments under the agreements did not affect the acceleration of the loan. *Id.* at *2, *5. This court therefore held that, because the borrowers defaulted on both later agreements, the lender's acceptance of payments did not affect or abandon the acceleration of the loan, as expressly stated in the agreements. *Id.* at *5. This court in *Hardy* was not deciding the question of whether an anti-waiver provision in a deed of trust precludes abandonment of an earlier acceleration, and other courts have similarly distinguished *Hardy* and concluded that an anti-waiver provision does not preclude abandonment of an earlier acceleration. *E.g.*, *Pechua*, 624 S.W.3d at 642 n.6 (distinguishing *Hardy* and holding that anti-waiver clause did not preclude lender from abandoning prior acceleration); *Suniverse LLC v. Encore Credit Corp.*, No. 19-2331, 2020 WL 7265403, at *6 n.5 (S.D. Tex. Nov. 17, 2020), *report and recommendation adopted sub nom. Suniverse, LLC v. Encore Credit Corp*, No. 4:19-CV-2331, 2020 WL 7261054 (S.D. Tex. Dec. 9, 2020), *aff'd sub nom. Suniverse, L.L.C. v. Encore Credit Corp.*, No. 21-20072, 2021 WL 4047462 (5th Cir. Sept. 3, 2021) (same); *see also Ocwen Loan Servicing, L.L.C. v. REOAM, L.L.C.*, 755 F. App'x 354, 357 (5th Cir. 2018) (per curiam) (anti-waiver provision does not preclude lender from abandoning earlier acceleration); *Bracken v. Wells Fargo Bank, N.A.*, No. 05-16-01334-CV, 2018 WL 1026268, at *3

16

(Tex. App.—Dallas Feb. 23, 2018, pet. denied) (mem. op.) (same). Aston has not cited any contrary authority, and only argues that none of Ocwen's cited cases are binding or interpret a provision like Section 9 in the deed of trust.

Aston also cites two other cases to support her argument that the anti-waiver provisions should preclude abandonment, but these cases are distinguishable as well. *See Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800 (N.D. Tex. 2012), *aff'd*, 538 F. App'x 391 (5th Cir. 2013) (per curiam); *In re Merkle*, 574 B.R. 641 (Bankr. W.D. Tex. 2017). In *Richardson*, the lender never sent a notice of delinquency demonstrating an intent to abandon its prior acceleration; there was no evidence that the lender tried to abandon the acceleration, and the court simply noted that the anti-waiver provision showed the lender had no intention of waiving its right to enforce the terms of the loan, including through acceleration and foreclosure. *Richardson*, 873 F. Supp. 2d at 810. Thus, the court was not deciding whether the anti-waiver provision in the deed of trust precluded abandonment of an acceleration. In *Merkle*, the deed of trust—unlike the deed of trust in this case—expressly stated that accepting less than full payment would not waive any remedy, including the right to accelerate. *Merkle*, 574 B.R. at 652–53. The notice of acceleration also stated that any payments of less than the full amount owed would not waive the lender's right to accelerate. *Id.* at 653. Further, the court noted that the lender never *requested* payment of less than the full amount owed after acceleration—unlike Ocwen did in

17

its delinquency notice—the lender only *accepted* those payments, which, as expressly stated in the deed of trust and notice of acceleration, was not a waiver or abandonment. *Id.*

In light of the persuasive authority finding that anti-waiver provisions like the provisions in the deed of trust here do not preclude a lender's abandonment of acceleration and no relevant authority to the contrary, we find Aston's argument unavailing.

Ocwen provided summary-judgment proof that it abandoned its prior accelerations of the loan by its conduct, resetting the statute of limitations. Aston has not met her burden to demonstrate a genuine issue of material fact that would preclude summary judgment on this issue. *See Lujan*, 555 S.W.3d at 84; *Valley Forge Motor Co.*, 595 S.W.3d at 877.

### 3. Summary

Ocwen established as a matter of law that it (1) rescinded all prior accelerations under Section 16.038 with its December 9, 2016, notice of rescission; and (2) abandoned all prior accelerations with its November 1, 2016, notice of intent to accelerate. Thus, Ocwen reset the statute of limitations on either December 9, 2016 or November 1, 2016, but in any case, the four-year statute of limitations had not run when the trial court granted summary judgment for Aston on this issue in October 2020. We therefore conclude that the trial court erred in granting summary

18

judgment for Aston and denying Ocwen's summary-judgment motion. We reverse the trial court's final judgment declaring the mortgage lien void and enjoining Ocwen from foreclosing on the property, and we instead render judgment in favor of Ocwen that Aston take nothing by her limitations-based claims.

Ocwen's first point of error is sustained, and therefore we need not consider Ocwen's second point of error. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the trial court's judgment and render judgment in favor of Ocwen that Aston take nothing by her limitations-based claims.

Gordon Goodman
Justice

Panel consists of Justices Kelly, Goodman, and Guerra.